### W. J. CLUTTER v. J. H. DAVIS ET AL.

Decided April 2, 1901.

**Public Road—Extent of Easement—Digging Wells on Highway.**

The commissioners court has not authority to order or permit the digging of wells in a public road, for the purpose of rendering water convenient for travelers, without the consent of the owner of the land to such additional burden thereon, since the easement for the purposes of a highway does not include such use of the land.

Appeal from Fannin. Tried below before Hon. E. S. Chambers.

*Taylor & McGrady,* for appellant.

*John C. Meade* and *Richard B. Semple,* for appellees.

BOOKHOUT, Associate Justice.—W. J. Clutter, the appellant, sued J. H. Davis and A. E. Work, appellees, in the District Court of Fannin County, to enjoin them from digging wells and holes in the ground in a public road laid out through plaintiff's land, and to recover damages.

Defendants answered by general demurrer, general denial, and specially, that the wells in the highway are necessary for the convenience and comfort of travelers over said highway; that they were acting under

instructions of the commisioner of Fannin County in digging said wells. A trial resulted in a verdict and judgment for defendants, and plaintiff has appealed.

*Conclusions of Fact.*—The highway in which the wells were being dug is a first class country road sixty feet wide, extending from the city of Bonham to the city of Ladonia, in Fannin County. This road was laid out in 1887 over the land now owned by plaintiff. The plaintiff subsequently acquired the tract or farm which lies on each side of said road for a distance of 452.5 varas. The land of plaintiff is inclosed on each side of said road. In August, 1899, the road commissioner for that precinct granted to the people of that community the privilege and authority to dig one or more wells on the line of the public road near Mr. Skinner's residence. The authority is in writing, and contains this statement: "I do not know of any damage that could come from digging a well on the line of road, but think it a good thing for the community." Under this authority the defendants, being members of the community, began the digging of two wells in said road, one about 200 yards north of plaintiff's south line, and one about fifty yards further north. These wells are in the public road, and a little west of the traveled part. They were about seven feet in diameter, and when suit was instituted about twelve feet deep. At the time suit was instituted a writ of injunction was granted and served' on defendants enjoining them from proceeding until the further order of the court.

In 1895 the Legislature passed an act to create a more efficient road system in Fannin, Robertson, and Kaufman counties, etc. Gen. Laws 1895, p. 203. By the terms of this act the members of the commissioners court are made ex officio road commissioners of their respective districts. It is further made the duty of the county commissioner, when acting as road commissioner, to inform himself of the condition of the public roads of his district and determine what character of work shall be done upon said road and direct the manner of grading, draining, and otherwise improving the same, which direction shall be observed and obeyed by all the road overseers of his district. The defendant Works was' the road overseer of this road. Defendant Davis was working under the direction of said Works.

*Conclusions of Law.*—When the sovereign imposes a public right of way upon the land of an individual, the title of the former owner is not extinguished, but is so qualified that it can only be enjoyed subject to that easement. The former proprietor still retains his exclusive right in all mines, quarries, springs of water, timber, and earth, for every purpose not incompatible with the public right of way. Jackson v. Hathaway, 15 Johns., 447. Upon the discontinuance of the highway the soil and freehold revert to the owner of the land. Mitchell v. Bass, 26 Texas, 380. The highway is simply an easement or servitude, conferring upon the public only the right of passing over the land of another on

which it is laid out. As an incident of such right, use may be made of the material upon such highway in a reasonable manner for the purpose of making and repairing the highway. The rights acquired by the public are the right of passage and such other uses as are incidental to such right. Lewis on Em. Dom., sec. 589. Is the digging of wells in a suburban highway such a right as is incidental to its maintenance and use as a highway? It has been held that the laying of gas pipes in a suburban highway is an additional easement for which the owner of the fee is entitled to compensation. Sterling's Appeal, 111 Pa. St., 35, 56 Am. Rep., 246; Bloomfield v. Galkins, 62 N. Y., 386.

So, the laying of water pipes in a country highway for the purpose of conducting water to a town is an additional burden for which the owner of the fee is entitled to additional compensation. Van Brunt v. Flatbush, 128 N. Y., 50. It is held that the public has no right as against the owner of the abutting land to divert the water from a spring on a public highway to a public watering trough on the opposite side of said highway. Suffield v. Hathaway, 44 Con., 521, 26 Am. Dec., 483. In this State it has been held that where land was conveyed to a city for street purposes only, the city was not authorized to sink artesian wells upon the land so conveyed for the purpose of supplying the city with water. O'Neal v. City of Sherman, 77 Texas, 182.

We conclude that the digging of wells for the purpose of furnishing water to persons and animals passing over the highway is not a right incidental to the use of the land as a highway. Such use creates an additional easement for which the owner of the fee is entitled to compensation. It follows that the act of the defendants was wrongful in digging said wells, and the trial court erred in rendering judgment in their favor. Under the undisputed facts plaintiff was entitled to judgment. The statute makes it our duty under the facts shown to render such judgment as should have been rendered by the court below. Rev. Stats., art. 1027. It is ordered that the judgment of the trial court be reversed, and judgment will be here rendered for the appellant perpetuating the injunction against appellees.

*Reversed and rendered.*

Writ of error refused.