INTERNATIONAL & G. N. R. CO. v. BOLES.

(Court of Civil Appeals of Texas. Austin. Nov. 19, 1913. Rehearing Denied Dec. 17, 1913.)

1. AGRICULTURE (§ 8*)—WEEDS ON RIGHT OF WAY—PENAL STATUTES—CONSTRUCTION.

Rev. Civ. St. 1911, arts. 6601, 6602, prohibiting railroad companies from permitting Johnson grass to mature on the right of way, and· imposing a penalty in favor of contiguous landowners for its violation, is penal, and should be strictly construed.

[Ed. Note.—For other cases, see Agriculture, Dec. Dig. § 8.*]

2. AGRICULTURE (§ 8*)—INJURY TO ADJOINING LAND—GROWTH OF JOHNSON GRASS—"CONTIGUOUS" LAND.

Land which was separated from a railroad right of way only by a parallel public road, which was condemned, from the landowner was "contiguous" to the right of way within Rev. Civ. St. 1911, art. 6602, permitting one owning land contiguous to the right of way of a railroad company which has permitted Johnson grass to mature on its land to recover a certain sum and actual damages; the fee of the public road still remaining in the landowner.

[Ed. Note.—For other cases, see Agriculture, Dec. Dig. § 8.*

For other definitions, see Words and Phrases, vol. 2, pp. 1495–1497.]

3. EMINENT DOMAIN (§ 317*)—OWNERSHIP OF FEE.

A county, condemning land for a public highway, only acquired an easement therein; the fee remaining in the original owner.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 834–840; Dec. Dig. § 317.*]

Appeal from Milam County Court; John Watson, Judge.

Action by George E. Boles against the International & Great Northern Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Chambers & Baskin, of Cameron, Doremus, Butler & Henderson, of Bryan, and Wilson, Dabney & King, of Houston, for appellant. E. A. Camp, of Rockdale, for appellee.

RICE, J. The appellee in 1912 was the owner of a 63-acre tract of land, over the south end of which ran a 60-foot public road, leading from Rockdale to Thorndale, in said county, which had been previously condemned by the county for a public road. The International & Great Northern Railway

Company's right of way ran immediately south of said public road and parallel therewith. The north line of the right of way was fenced, and appellee's inclosure extended to the north line of said public road, and ran parallel with the right of way fence, leaving said public road between his inclosure and the railway right of way. The proof shows, and the court found, that during the months of April, May, June, July, and August of said year said railway company permitted Johnson grass to go to seed upon its right of way, from which it was transferred to plaintiff's land, and he had been put to considerable expense and trouble to prevent it from spreading and going to seed thereon, and this suit was brought by him to recover damages against the railway company therefor. The case was tried by the court without a jury, resulting in a judgment in favor of appellee for the sum of $101, the amount he had been compelled to expend in an endeavor to protect his land from the encroachments of said grass, from which judgment appellant has prosecuted this appeal.

[1-2] The defense was based on the contention that said tract of land was not contiguous to appellant's right of way, and therefore he had no right to recover under the Johnson grass statute (articles 6601, 6602, Rev. Stat. 1911). We think it is true, as contended by appellant, that this statute, being penal in its nature, should be strictly construed; but when such construction is applied to the facts of this case, we think it falls within the letter of the statute, and that the two tracts of land are contiguous in contemplation of law. The statute · (article 6601) makes it unlawful for any railway company doing business in this state to permit any Johnson grass to mature or go to seed upon its right of way; and the succeeding article (6602) provides that if it shall appear, upon the suit of any person owning, leasing, or controlling land contiguous to the right of way of such railway, that such company has permitted any Johnson grass to mature or go to seed upon its right of way, such person so suing shall recover from such company the sum of $25, and any additional sum as he may have been damaged by reason of such company's permitting said grass to mature or go to seed upon its right of way, provided such owner shall not recover in the event he permits Johnson grass to mature or go to seed upon his own land.

[3] The field notes of appellee's tract of land called for the railroad right of way; and, notwithstanding the county had condemned this strip of land for public road purposes, it only acquired an easement therein; the fee remaining in appellee. See 37 Cyc. 200 to 208, inclusive; Clutter v. Davis, 25 Tex. Civ. App. 532, 62 S. W. 1107; O'Neal v. City of Sherman, 77 Tex. 182, 14 S. W. 31, 19 Am. St. Rep. 743; State v. Travis County, 85 Tex. 435, 21 S. W. 1029; Elliott on

Roads and Streets, p. 522. In 37 Cyc., supra, it is said: "The laying out of a highway gives to the public a mere right of passage, and the owner of the soil is not thereby divested of his title to the land." See, also, Lewis on Eminent Domain, § 589. And upon a discontinuance of the highway, the soil and the freehold revert to the owner of the land. Mitchell v. Bass, 26 Tex. 380; Elliott on Roads & Streets, pp. 670, 671. This being true, the county in this case merely possessed the right of easement over said public road, but appellee owned the title thereto, for which reason, in the present case, his land extended, in the literal sense, to the right of way of said railway company, and was absolutely contiguous thereto in the meaning of this statute, for which reason the case must be affirmed.

The writer, however, speaking for himself only, is also inclined to the view that appellee's tract of land in contemplation of this statute was contiguous to appellant's right of way, irrespective of whether or not he owned the fee to the scrip of land over which this public road ran. While it is true, as contended by appellant, that in its literal sense the word "contiguous" means adjacent, touching, near, adjoining, etc., still in a broader sense, the one in which the word was probably used in the statute, appellee's tract was contiguous to the railway right of way, since it was only separated therefrom by the public road. This law must be construed with reference to the purpose the Legislature evidently had in view in its enactment, that of protecting land lying along or adjacent to railroad tracks from being injured by reason of the spread of Johnson grass, which might be permitted to mature on the right of ways. Throughout the agricultural districts of this state prior to the enactment of the statute in question, railway companies had been the cause of Johnson grass spreading to adjacent tracts of land, through which they ran, to the detriment of the landowners. This statute was intended to remedy this growing evil by requiring them, under penalty, to prevent such grass from going to seed upon their right of ways, and this purpose must be considered in construing it. Surely it must have been intended to protect those who came within the spirit, as well as within the letter, of the statute.

The question arises, Who are contiguous landowners within the meaning of the law? In order for plaintiff to be damaged, must his tract actually abut on the right of way, or can the statute be so extended in its application as to reach and protect those whose tracts would abut except for an intervening public road? I think so. A public road, in my opinion, is not such a contiguous tract of land as would prevent the application of the statute, because such public road would need no such protection. It could not be thus injured, and therefore it was not the intention of the Legislature to protect it from the spread of such grass; but the tract of land upon which it abuts was the subject of its protecting care. Is this tract contiguous in the sense in which the word is used? Is it not in fact the next or adjoining tract? Certainly, it is so in the sense that no other tract intervenes. Suppose a river or a creek flowed between the railway and the land in question, instead of a public road, could it be urged, with any degree of plausibility, that a farm so situated was not contiguous to the right of way, simply because so separated? Just as much damage or injury would be occasioned from the grass in the one instance as in the other. It is a matter of common knowledge, I take it, that Johnson grass seed can be carried by the wind, or otherwise across streams, roadways, and even over adjoining tracts of land. A 60-foot roadway would not prevent the spread of this grass on the abutting tract, if it were allowed to mature and go to seed upon the adjoining right of way, because it might be carried by the wind across such road. We think the Legislature, in using the expression "contiguous land," must have intended to protect all tracts that would be actually contiguous to the railway right of way, were it not for such roadway, street, stream, etc.

The cardinal rule in construing a statute is to arrive at the intention of the lawmakers in its enactment (Suth. Stat. Const. § 234); and this intent must be sought in the language of the statute (Id. § 237). And in arriving at the meaning of a particular word, we may consider the whole statute, as well as the purpose of the law. Chancellor Kent has well said: "In the exposition of a statute the intention of the lawmakers will prevail over the literal sense of the terms; and its reason and intention will prevail over the strict letter. When the words are not explicit, the intention is to be collected from the context, from the occasion and necessity of the law, from the mischief felt and the remedy in view; and the intention is to be taken or presumed according to what is consonant with reason and good discretion."

Our Revised Statutes provide: "That the rule of the common law that statutes in derogation thereof shall be strictly construed shall have no application to the Revised Statutes; but that said statutes shall constitute the law of this state respecting the subjects to which they relate; and the provisions thereof shall be liberally construed with the view to effect their objects and promote justice." R. S. 1911, p. 1719, sec. 3.

In New Orleans Water Works Co. v. Ernst (C. C.) 32 Fed. 5, 6, it was held that a person whose property was separated from a river only by a street or public highway was a contiguous person within the meaning of the law. And in Board of Supervisors v. Blacker, 92 Mich. 646, 52 N. W. 951, 16 L. R. A. 432, it was held that notwithstanding the constitutional provision to the effect that each representative district shall consist of convenient and contiguous territory, two

counties separated by a large body of water were convenient and contiguous in contemplation of law.

Again, in Vogel v. Little Rock, 54 Ark. 335, 15 S. W. 836, where it was sought to annex the village of Argenta to the city of Little Rock, which was separated therefrom by the Arkansas river, the application being resisted on the ground that the same was not 'contiguous to the city, since it was separated therefrom by a navigable stream, it was held that the territory was contiguous within the meaning of section 922 of Mansf. Dig., authorizing municipal corporations to annex contiguous territory lying in the same county.

If the fact that the title to the roadway was not in the appellee in the present instance would defeat his right of recovery, then it seems it would result in bringing about a condition of things as I think not contemplated by the lawmakers in the enactment of this statute. Doubtless throughout this state miles of county roads parallel one side or the other of the various lines of railway traversing the state; and if the respective counties through which these roads extend should hold title by deed or otherwise to said public highways, then, under the construction contended for by appellant, we would have the anomalous condition of landowners on the one side of such railways being protected from the encroachments of Johnson grass permitted to mature and go to seed on their right of ways, while those on the opposite side would be left unprotected. This, in my opinion, was never contemplated; but, on the contrary the statute, I believe, was intended to operate so as to protect contiguous landowners on both sides of such railway right of ways, notwithstanding such tracts might abut upon a public road, intervening between them and said railways; and for this additional reason, outside of the one heretofore expressed, I think that the proper disposition has been made of this case, but the decision herein is based alone on the reasons first assigned. On account, however, of the importance of the question involved, I have considered it not improper to give expression to the above views entertained by me.

Judgment affirmed.