CHINA–NOME GAS COMPANY, INC., Appellant,

v.

James I. RIDDLE, Appellee.

No. 5616.

Court of Civil Appeals of Texas, Waco.

Sept. 30, 1976.

Rehearing Denied Oct. 21, 1976.

---

**906**

L. L. Geren, Groesbeck, Wilbert Lasater, Tyler, for appellant.

Jack Vickrey, Houston, Holloway Martin, Mexia, for appellee.

HALL, Justice.

The appellant, China-Nome Gas Co., Inc., holds a permit as a gas utility from the Texas Railroad Commission. It has constructed a 6″ gas transmission pipe line nine miles in length in Limestone County from the Little Buddy gas field to near the community of Springfield where the line joins a larger line owned by Lone Star Gas Company. Harris Fender is the operator of the Little Buddy Field. With the County's permission, a five-mile length of the line was laid in the right-of-way of the Shiloh-Springfield road, which is a hard-surfaced road maintained by the County. The part of the roadway in which the line is laid crosses the property of the appellee, James I. Riddle, for a distance of 8,500 feet and passes within 100 feet of his house. The public acquired the right of use of the roadway by prescription only. Subject to this easement, Riddle owns the land under and on both sides of the road right-of-way for most of the distance it runs through his property. Riddle has not consented to the laying or use of the line.

Riddle brought this suit against Fender and China-Nome seeking temporary and permanent injunctions prohibiting the construction and use of the pipe line in the road right-of-way. He alleged that the line is a private line for private purposes; that his title to the land upon which the line is being laid is burdened only with the easement in favor of the public for road purposes; that he has not consented to the construction of the line; and that its construction across his land and within 100 feet of his house will cause him irreparable damage in several particulars. Fender and China-Nome answered with pleadings that Fender has no interest in the transmission line; that China-Nome is a common carrier pipe line and gas utility company within the meaning of the statutory law of Texas and that as such it has the statutory right to lay its lines under, along and across public roads with the consent of the State and the County involved; that it has the State and County consent to do so, here; and that the pipe line will only be used for public purposes. Alternatively, China-Nome pleaded the right of eminent domain as a common carrier pipe line and condemned any property interests of Riddle superior to its right in the roadway in question.

Before any hearings in the case, the installation of the line in the roadway along Riddle's property was completed. Subsequently, after a hearing without a jury, the court ordered a writ of temporary injunction on May 20, 1976, prohibiting China-Nome from operating the pipe line pending final trial.

 Trial courts are endowed with broad discretion to grant or deny applications for temporary injunctions, and the narrow question before us is whether the granting of the writ in question constitutes a clear abuse of discretion. *Janus Films, Inc. v. City of Fort Worth*, 163 Tex. 616, 358 S.W.2d 589 (1962). We hold it does not, and affirm the order.

Among other reasons set forth in the order for its issuance are findings that the pipe line is a private line constructed by Fender "for the private use of his wells in a small field operated by his family exclusively."

China-Nome was incorporated in 1958 for the purposes of producing, buying, selling and distributing natural gas. Its stock is owned by Fender's two sons. Its only asset of any consequence is the pipe line in question. Its president, J. B. Morris, is employed by Fender. Morris is China-Nome's executive officer and receives his pay for this service from Fender out of Fender's checking account. The business affairs of China-Nome and Fender are transacted from the same office. Checks for the handling of China-Nome's business are issued to its president by Fender out of Fender's banking account. All of the construction of the line in question was done by employees of China-Nome under the direction of its secretary, Paul Drummond, who is also Fender's employee. Fender is the operator of the Little Buddy gas field. He owns the five producing gas wells in the field. They are worth "millions of dollars." Riddle contacted Morris, China-Nome's president, on April 22, 1976, after a part of the line had been laid, and inquired about safety precautions being followed in the construction of the line. Immediately thereafter, on the same day, China-Nome made application with the Texas Railroad Commission, through an attorney in Austin, for a permit to operate as a Gas Utility for the transportation of gas. The next day China-Nome was granted the permit by the Railroad Commission to operate a "trunk transmission line in Limestone County" for the transportation of gas. This suit was filed a week later. At different times before the filing of suit, Riddle was contacted by Dick Davis and by Morris regarding easements for the line. In each instance, Riddle was told by the men that they were representing Fender. On May 6th, China-Nome (acting through Morris), Fender, and Dow Chemical Company executed a written agreement "for the purpose of building a gas transportation line . . . for the transportation of gas owned by Harris R. Fender, et al., which gas is subject to a Gas Purchase Contract between Harris R. Fend-

er and The Dow Chemical Company." It recites that the line was to be constructed by China-Nome with $500,000 of borrowed funds. Inferentially it shows the funds were furnished by Fender. It provides the loan is to be repaid out of the charges agreed to for transporting the gas, and that "during the time the loan is in existence [China-Nome] will devote the entire receipts for transportation charges hereunder toward the retirement of the 'construction fund loan'." During construction, China-Nome is required under the contract to make detailed reports to Fender surrounding construction costs and the status of the "construction fund loan." Morris testified that Dow Chemical is China-Nome's only customer. The contract between Fender and Dow is not in evidence, and the record does not show for what purpose Dow will use the gas.

This evidence supports the court's findings that the pipe line is a private line to be used for private purposes. These findings, in turn, support the issuance of the temporary writ of injunction to prevent the private use of Riddle's freehold estate without his consent and maintain the status quo until this matter can be heard on its merits.

At the same time China-Nome filed the application with the Railroad Commission for a permit to operate as a Gas Utility, it filed with the Commission an instrument in which it is stated that "pursuant to the provisions of Article 6020, Title 102, of the Revised Civil Statutes of the State of Texas [China-Nome] hereby accepts the provisions of said Article and Title, and expressly agrees that in consideration of the rights conferred by said Article and Title [China-Nome] shall be and become a common carrier pipe line, subject to the duties and obligations conferred or imposed by law." China-Nome argues that by reason of this acceptance and the provisions of Articles 6020, 6022, and 1436b, Vernon's Ann.Tex.Civ.St., and Article 2.01, V.A.T.S., Bus.Corp.Act, and certain proof on the trial, it is a common carrier and as such is entitled to the rights and benefits conferred upon common carriers by the statutes, including the power of eminent domain and the right without the exercise of this power to lay pipe line in the right-of-way of the public road in question with the county's permission.

Whether the business conducted by a pipe line company is actually that of a common carrier is a question of fact. 4 Summers, *Oil And Gas* 321, § 751. If, in fact, the line is available to all producers seeking its services—that is, to the public generally—it is a common carrier. Otherwise it is a private carrier. *Producers Transportation Company v. Railroad Commission of California,* 251 U.S. 228, 40 S.Ct. 131, 132, 64 L.Ed. 239 (1920). Although there is evidence in the record that China-Nome will function as a common carrier, we have shown that this fact is not conclusively established by the proof.

We need not and do not pass upon the other questions raised by the parties.

The judgment is affirmed.