**HALE COUNTY, Texas, et al., Appellants,**

v.

**Harold G. DAVIS, Appellee.**

**No. 8914.**

Court of Civil Appeals of Texas, Amarillo.

Sept. 18, 1978.

Rehearing Denied Oct. 16, 1978.

Sheehan & Dubuque, Inc., William H. Sheehan and Steven M. Smoot, Dumas, for Gene and J. H. Kurklin. Law Offices of Bob Gibbins; Bob Gibbins, Austin, for Hale County, Texas.

Day, Owen, Lyle & Voss, Gene V. Owen and Rudd F. Owen, Plainview, for appellee.

REYNOLDS, Justice.

The primary issue in this appeal is the validity of a pipeline easement granted by a county in the subsurface of a county road owned by one individual for the private use of another. The trial court held the easement to be a nullity, ordered the pipeline removed, and permanently enjoined the nonowner use of the subsurface for private pipeline purposes. We affirm.

Harold G. Davis is the fee simple owner of the south one-half of Section Four, Block C–2, Hale County, Texas. Gene Kurklin and his father, J. H. Kurklin, own the northwest one-quarter of the same section. The west boundary line of Section Four is approximately in the middle of a county road which exists as a prescriptive easement along the entire length of the western side of the section.

The Kurklins have a pipeline easement extending across Davis' land outside the road area. A six-inch steel pipe in the easement transported irrigation water from wells on the Kurklins' land to J. H. Kurklin's land situated directly south of Davis' land. Due to the monthly expense of $1,000 to $1,200 associated with pumping the irrigation water across Davis' land, Gene Kurklin sought, and offered to pay to secure, the permission of Davis to lay a pipeline down the county road. Davis refused permission.

Gene Kurklin then sought an easement from Hale County. On 9 February 1976, the county commissioners court granted to Gene Kurklin an easement for an irrigation water pipeline along, upon or across either side of the county road, conditioned that the pipe is buried thirty-six inches underground. A similar easement was granted 10 May 1976 for a gas pipeline to be buried thirty inches underground.

When installation began on or about the first of June, Davis requested that the work cease, but the pipelines were installed at a depth of four feet some ten to twelve feet east of the center line of the county road. The installed water pipeline is a twelve-inch plastic pipe carrying the same amount of water that formerly was pumped across Davis' land through the six-inch line, which now is used only to transport excess tailwater and rainwater collected in a lake. The installed pipelines, costing in excess of $24,-000, are for the exclusive use and benefit of the Kurklins, but they do not obstruct the use of the county road.

Davis brought this suit against Hale County and the Kurklins. He sought a judgment declaring that the February 1976 easement is a nullity and the pipelines a purpresture, ordering the pipelines removed, and fixing his damages.

Hearing the cause without the intervention of a jury, the trial court declared the February 1976 easement a nullity and the pipelines a purpresture, ordered the pipelines removed, and permanently enjoined the Kurklins from using that portion of the county road within the boundary lines of Davis' land to install, construct and maintain the pipelines for private purposes. All other relief was denied. Findings of fact and conclusions of law consistent with the foregoing recitation were filed.

■ Appealing, both Hale County and the Kurklins first take issue with the court's declaration that the pipelines are a purpresture. The Kurklins, quoting the definition of a purpresture from *Hill Farm, Inc. v. Hill County, Texas,* 425 S.W.2d 414, 417 (Tex.Civ.App.—Waco 1963), *aff'd,* 436 S.W.2d 320 (Tex. 1969), and characterizing a

purpresture as a private appropriation of or an encroachment upon rights belonging to the public, assert that only the proper public authority, and not Davis as a private person, can maintain an action on account of a purpresture. Hale County joins in the assertion and further advocates that because of Davis' failure to affirmatively show the easement did not serve a public purpose, there is no support for the judgment based on a purpresture. These theories are not sufficient to invalidate the judgment rendered on the facts of this cause.

■ Davis, as the record establishes, owns the fee title to the land in which the pipelines were installed, subject only to the prescriptive easement for the county road. The rural road is one over which the commissioners court has general control, Tex. Rev. Civ.Stat.Ann. art. 2351, § 6 (1971), and, by virtue thereof, may authorize the use of the subsurface for purposes—*e. g.,* for pipelines—that serve the public interest; yet, the fee owner, and not a stranger, has the right to use the subsurface in a manner that does not affect or impair the enjoyment of the public easement. *Hill Farm, Inc. v. Hill County, Texas,* 436 S.W.2d 320, 323 (Tex. 1969). The logically unavoidable corollary is that the county possesses no authority in law to grant an easement in the road's subsurface owned by an individual for the exclusive private use of a nonowner.

■ The court specifically found that the pipelines are for the exclusive use and benefit of the Kurklins. There is no challenge to this finding, and it is conclusive on appeal. Thus, any use of the subsurface that is not within the scope of the public interest is an infringement on Davis' rights for which he may maintain an action to compel the removal of the unauthorized installation, *Miguez v. Blake,* 37 S.W.2d 234, 235 (Tex.Civ.App.—San Antonio 1931, writ dism'd), and an action to secure injunctive relief. *Clutter v. Davis,* 25 Tex.Civ.App. 532, 62 S.W. 1107, 1108 (1901, writ ref'd); *China-Nome Gas Company, Inc. v. Riddle,*

541 S.W.2d 905, 908 (Tex.Civ.App.—Waco 1976, writ ref'd n. r. e.).

Conceding that the irrigation line is used solely to provide water for the Kurklins' land, Hale County nevertheless complains because the court refused to find that the public derived benefits from the easement. The premise is that the public interest is served by the saving of $1,000 to $1,200 worth of gas per month, deriving more tax from land with good water, and the showing that it is good for the economy of the county to have water on the land. No authority cited validates the premise.

 While the circumstances of each case determine whether a public interest exists, the particular facts of this cause warrant the trial court's refusal to find that the public benefited from the easement. In the main, this is a private dispute stemming from the county's grant of an easement on one's land for the exclusive use and benefit of another. The easement is used to transport the same amount of water that was carried via the prior easement, and there is an absence of evidence that either more taxes are produced as a result of, or that the county's economy benefited from, this easement; instead, the evidence is that the Kurklins individually save $1,000 to $1,200 monthly in operating costs. The effect is that the Kurklins' private advantage does not serve a public purpose so as to justify an infringement on Davis' rights.

The Kurklins also contend that the court erred in granting the mandatory injunction because Davis had an adequate remedy at law, he failed to show irreparable harm, and the balancing of the equities preponderates in their favor. None of these equitable principles vitiates the injunction.

 The contention presupposes that the Kurklins have, absent Davis' negation of the equitable principles, a right to maintain the easement. To the contrary, Davis as the fee owner has, and the Kurklins as strangers do not have, the right to the undisturbed possession and use of the subsurface. The injunction protects Davis' rights and does not enjoin the Kurklins from doing anything they have a lawful right to do. Long established is that the right of one to be left in the undisturbed possession of his property may be protected by injunction. *See, e. g., Sumner v. Crawford,* 91 Tex. 129, 41 S.W. 994, 995 (1897). This right is enforced by Tex.Rev. Civ.Stat. Ann. art. 4642, § 1 (1952), which provides that an injunction may be granted where the applicant is entitled to the relief demanded and such relief or any part thereof requires the restraint of some act prejudicial to him. Because the right to injunctive relief is authorized by statute, the statute controls, *Texas Farm Bureau Cotton Ass'n v. Stovall,* 113 Tex. 273, 253 S.W. 1101, 1108 (1923), and the equitable principles raised by the Kurklins have no application here. *Biggs v. Red Bluff Water Power Control Dist.,* 131 S.W.2d 274, 276 (Tex.Civ.App.— El Paso 1939, writ ref'd). Moreover, it is elementary that a court, once having decided the merits of a cause of action, may issue a writ of injunction necessary to make its judgment effective. *City of Dallas v. Wright,* 120 Tex. 190, 36 S.W.2d 973, 975 (1931).

None of the points of error presents reversible error in the judgment rendered. The points are overruled.

The judgment of the trial court is affirmed.