

# The Attorney General of Texas

December 29, 1981

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No. MW-419

Re: Authority of a county to prohibit discharge of sewage plant effluent into a county roadside ditch

Dear Mr. Driscoll:

You have requested the opinion of this office on the following question:

> Does Harris County have the authority under law to prohibit the discharge of sewage plant effluent into a county roadside ditch?

You inform us that a privately owned sewage plant is discharging sewage effluent into a county roadside ditch without county permission. The Texas Constitution gives the county commissioners courts "such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." Art. V, §18. The counties have no powers or duties other than those expressly or impliedly conferred by the constitution and statutes. Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948); Attorney General Opinion H-374 (1974). Unlike home rule cities, counties have no general police power. Commissioners' Court of Harris County v. Kaiser, 23 S.W. 2d 840 (Tex. Civ. App. – Galveston 1929, writ ref'd); Harper v. Lindsay, 454 F. Supp. 597 (S.D. Tex. 1978). The proper approach is to determine whether the statutes expressly or by necessary implication provide the requisite authority to the commissioners court. Canales v. Laughlin, supra.

Article 2351 provides the general statutory grant of power to the commissioners courts and specific powers are found elsewhere. V.T.C.S. art. 2351. Neither article 2351 nor any other statute specifically authorizes the county to promulgate any sort of blanket prohibition of all discharges of treated sewage effluent into county ditches.

The Texas Water Code sets out the authority for the regulation of the discharge of sewage plant effluent and provides that the Texas

Department of Water Resources is the administrative agency with regulatory authority over water quality in the state. Water Code, §26.001 et. seq. The Texas Water Commission is the agency that issues permits for the discharge of waste into or adjacent to water in the state. Id. 26.027. It has been suggested that various Water Code provisions might authorize a county to regulate discharges into county roadside ditches.

The Water Code provides that a county commissioners court may use the same procedures as the Texas Water Commission in issuing permits to private sewage facilities so as to abate or prevent pollution or injury to public health. Id. §26.032. "Private sewage facilities" is defined by section 26.031 to include a number of specific types of sewage facilities "and all other facilities, systems, and methods used for the disposal of sewage other than disposal systems operated under a permit issued by the [Water] [C]ommission." Since the Water Commission has issued a discharge permit for the sewage plant in question, the county may not require a permit under the Water Code.

The Water Code authorizes a local government which owns or operates a disposal system to enact and enforce rules, ordinances, orders, or resolutions to control and regulate the type, character, and quality of waste which may be discharged to the system so as to protect the maintenance personnel and to prevent unreasonable adverse effects on the disposal system. Id. 26.176(a). "Disposal system" is defined as any system for disposing of waste, including sewer systems and treatment facilities. Id. §26.001(16). This provision of the Water Code addresses pretreatment of waste that enters treatment systems and does not cover discharges of treated sewage effluent to county roadside ditches.

Harris County Flood Control District is coterminous with Harris County and is governed by the Harris County Commissioners Court. Acts 1937, 45th Leg., ch. 360, §1. Among the enumerated purposes of the creation of the district is "the control, storing, preservation, and distribution of the storm and flood waters" Id. The district has the power "to regulate the flow of surface and flood waters." Id. §§1, 2(e). The Harris County Flood Control District is expressly authorized to pass resolutions establishing building setback lines along any waterway within the boundaries of the district. Acts 1963, 58th Leg., ch. 118 at 318. We believe the absence of specific authority to prohibit discharges into drainage ditches indicates that the legislature did not intend the district to have that power. The county commissioners court, through its flood control authority, does not have express or implied authority to prohibit discharges into drainage ditches. Likewise, if the subject property is within a drainage district, there is no statutory authority for the commissioners court to prohibit sewage effluent discharges into a district's ditches. See Tex. Water Code §56.001 et. seq. (1972).

The county has the authority to require abatement of health-related nuisances. V.T.C.S. art. 4477-1, §3. One of the statutorily recognized nuisances is "[a]ny collection of water in which mosquitoes are breeding within the limits of any city, town or village." In your opinion request you state that the pooling condition in this case breeds mosquitoes and is a health hazard. The question of whether the discharge of effluent creates a nuisance is a question of fact. The procedure to be followed in the abatement of health-related nuisances by county health authorities is set out in the statute. Id. §3.

In addition to exercising applicable statutory authority, Harris County has the right to prevent interference with its easement. The easement held by Harris County necessarily carries with it the right to use and control as much of the easement as may be reasonably needed for the granted purposes. Hill Farm, Inc. v. Hill County, 436 S.W.2d 320 (Tex. 1969). The fact that the use contemplated at the time the easement was granted was use as a public road in no way precludes a different use as an avenue of drainage at the present time. Id. at 323. The landowner has the right to use the land subject to the easement in a manner that does not affect or impair the enjoyment of the public easement. Id. at 323; Hale County v. Davis, 572 S.W.2d 63, 65 (Tex. Civ. App. - Amarillo 1978, writ ref'd n.r.e.); Pittman v. City of Amarillo, 598 S.W.2d 941, 944 (Tex. Civ. App. - Amarillo 1980, writ ref'd n.r.e.). See also Jefferson County Drainage District No. 6 v. Southwell, 32 S.W.2d 895 (Tex. Civ. App. - Beaumont 1930, writ ref'd) (district was not entitled to injunctive relief because the dam constructed by the landowner across the drainage ditch in no way interfered with the complete and adequate drainage of water). Whether or not the landowner's use of the ditch for sewage effluent actually constitutes an encroachment on the county's easement is again a question of fact.

The issuance of a permit by the Texas Water Commission does not preclude Harris County from pursuing the aforementioned remedies. Section 26.133 of the Water Code provides that "[n]othing in this chapter affects the right of any private corporation or individual to pursue any common-law remedy to abate a condition of pollution or other nuisance or to recover damages." In accordance with section 26.133, a standard provision of water commission permits states that "[t]he issuance of this permit does not convey any property rights in either real or personal property, or any exclusive privileges, nor does it authorize any injury to private property or any invasion of personal rights nor any infringement of State, or local laws or regulations; nor does it obviate the necessity of obtaining Federal or local assent required by law for the permitted discharge." The fact that a discharger has been granted a discharge permit will not defeat an action for damages for the resulting pollution. Atlas Chemical

Industries, Inc. v. Anderson, 514 S.W.2d 309 (Tex. Civ. App. - Texarkana 1974), aff'd, 524 S.W.2d 681 (Tex. 1975).

### S U M M A R Y

Harris County has no authority to institute a blanket prohibition of all discharges of sewage plant effluent into county ditches. The county may prevent interference with its easement through common law remedies or statutory nuisance abatement proceedings.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan Plettman
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Tim Brown
Rick Gilpin
Jim Moellinger
Susan Plettman