

# THE ATTORNEY GENERAL
## OF TEXAS

September 21, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Mr. Mike Coffey
Kendall County Auditor
Kendall County Courthouse
Boerne, Texas 78006

Opinion No. JM-789

Re: Authority of a commissioners court to impose certain requirements on a subdivider of land abutting a public road

Dear Mr. Coffey:

You ask about two provisions in the Kendall County "Regulations, Rules and Specifications for Roads and Subdivisions." Specifically, you request an opinion on the authority of the county to adopt the following provisions:

### Rule 204.80

All Streets and Roads will not receive consideration for final approval by Commissioners' Court until at least one (1) year after original construction of Streets and Roads is completed.

Upon final approval, title to all Streets and Roads shall be conveyed to the County, for their maintenance by a Warranty Deed, which shall be acceptable to the Commissioners' Court. Accompanying such deed shall be an adequate description of Streets and Roads, either by reference to approved subdivision plat or by field notes prepared by a Registered Surveyor from a survey made on the ground.

### Rule 301.100

The entrance and/or exit to a subdivision shall be by public road or street and each lot shall front upon a public street.

Kendall County, "Regulations, Rules and Specifications for Roads and Subdivisions" (1985 and Rev. 1987) at 24-85 and 5-87.

You note that the commissioners court interprets rule 204.80 to require that a subdivider of land convey to the county a fee simple interest, and not just an easement, in the public streets and roads within a proposed subdivision. You ask whether such a requirement is within the authority of the county commissioners court. You also ask whether the commissioners court, pursuant to its rule 301.100, may refuse to approve a subdivision plat "where egress and engress is over a three party easement which is not shown on the preliminary plat . . . [and when] two [of the three] parties have disagreed with the proposed use of this easement as a public road to the subdivision."

We conclude that the commissioners court has no authority to demand a deed transferring a fee simple interest to the county in the land dedicated to public streets and roads in the subdivision. Because rule 301.100 is in litigation, we will not discuss questions concerning that provision.

A county commissioners court possesses only the powers conferred either expressly or by necessary implication from the constitution and statutes. See Tex. Const. art. V, §18; Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948); Attorney General Opinion JM-534 (1986). Local Government Code section 232.004 (formerly article 6702-1, section 2.401, V.T.C.S.) is the sole relevant source of statutory authority for a commissioners court's regulatory authority over the subdividing of land in the county, unless section 232.006 applies in the case of a county which has a population of more than 2.2 million or is contiguous with a county with a population of more than 2.2 million.[1] The statute provides, in part, that

> [b]y an order adopted and entered in the minutes of the commissioners court, and after a notice is published in a newspaper of general circulation in the county, the commissioners court may:
>
> (1) require a right-of-way on a street or road that functions as a main artery in a subdivision, of a width of not less than 50 feet or more than 100 feet;

---

1. The subdivision of land in a county but also within the extraterritorial jurisdiction of a city requires the approval of the city and county. See Local Gov't Code chs. 42, 212, 242; Attorney General Opinions JM-508 (1986); JM-365 (1985).

>    (2) require a right-of-way on any other
> street or road in a subdivision of not less than
> 40 feet or more than 70 feet;
>
>    (3) require that the shoulder-to-shoulder
> width on collectors or main arteries within the
> right-of-way be not less than 32 feet or more than
> 56 feet, and that the shoulder-to-shoulder width
> on any other street or road be not less than 25
> feet or more than 35 feet;
>
>    (4) adopt, based on the amount and kind of
> travel over each street or road in a subdivision,
> reasonable specifications relating to the con-
> struction of each street or road;
>
>    (5) adopt reasonable specifications to
> provide adequate drainage for each street or road
> in a subdivisoin in accordance with standard
> engineering practices; and
>
>    (6) require that the owner of the tract to
> be subdivided execute a good and sufficient bond
> in the manner provided by Section 232.004.

Local Gov't Code §232.003. The commissioners court has the authority to refuse to approve a subdivision plat only for a failure to meet the specific requirements of section 232.003. Local Gov't Code §232.002. A subdivision plat must be approved by the county before it can be filed and recorded by the county clerk. Prop. Code §12.002; Attorney General Opinion JM-508; See also Attorney General Opinion JM-365.

Although the county may require the dedication of public streets, a county has no power to compel a subdivider to convey to the county a fee simple interest in the land dedicated for use as streets in the subdivision. While section 232.003 is silent on the question, we conclude that the law is otherwise contrary to the notion that the county can require, as a precondition to performing a ministerial act, something it is incapable of commanding.

The county cannot condemn a fee simple interest in private property, absent specific statutory authorization. Prop. Code §21.045. The common law rule in Texas has long been that condemna- tions for public highways result only in the taking of an easement. International & G.N.R. Co. v. Boles, 161 S.W. 914 (Tex. Civ. App. - Austin 1913, writ ref'd). See also Schlottman v. Wharton County, 259 S.W.2d 325, 332 (Tex. Civ. App. - Fort Worth 1953, writ dism'd). The County Road and Bridge Act contains no authority for the county to condemn a fee simple interest in property for a public road as a

precondition to approving a subdivision plat.

Section 232.001 of the Local Government Code only requires that a subdivider provide a plat which gives the dimensions of streets and other areas "dedicated to public use." More precisely, the statutory powers granted to the county over subdivisions are plainly limited to ordering certain standards to be applied to the physical dimensions and construction standards of streets and roads. Local Gov't Code §232.003. The statute simply contains no other relevant grant of substantive powers to the county, notably not the power to demand a fee simple interest in dedicated streets.

The dedication of land for public roads does not convey more than a mere easement to the county. Humble Oil & Refining Co. v. Blankenburg, 235 S.W.2d 891 (Tex. 1951) (plat dedication of plazas, parks, streets, and alleys created easement only). Cf. City of College Station v. Turtle Rock Corp., 680 S.W.2d 802 (Tex. 1984). See generally 32 Tex. Jur.3d Eminent Domain §43 (1984).

The statute contains no other grants of power to the county to condition the acceptance or approval of a subdivision plat upon the conveyance of a fee simple interest. Without specific authority, the county has no power to establish substantive requirements for subdivisions. Commissioners' Court v. Frank Jester Development Co., 199 S.W.2d 1004 (Tex. Civ. App. - Dallas 1947, writ ref'd n.r.e.). Thus, when a person who seeks to file and record a plat has complied with all of the statutory requirements outlined in chapter 232 of the Local Government Code, approval and filing of the plat becomes a mere ministerial duty. Id.; Attorney General Opinions JM-534 (1986); JM-317 (1985). See also City of Corpus Christi v. Unitarian Church, 436 S.W.2d 923, 927 (Tex. Civ. App. - Corpus Christi 1968, writ ref'd n.r.e.). Certainly, the county may not refuse to accept a subdivision plat by the subterfuge of declining to accept a dedication of streets and roads as proposed on a plat, if the streets and roads comply with the requirements permitted to be imposed by section 232.003.

## S U M M A R Y

A county may provide requirements for the approval of subdivision plats only to the extent such requirements are authorized by chapter 232 of the Local Government Code. A county may not require the transfer to it of a fee simple interest on lands dedicated to public roads in the subdivision.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Don Bustion
Assistant Attorney General