Office of the Attorney General · State of Texas



June 22, 2000

The Honorable Gary L. Walker
Chair, Committee on Land
   and Resource Management
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0238

Re:  Whether a county may permit the installation
of temporary water lines along its right-of-way
(RQ-0164-JC)

Dear Representative Walker:

You have asked this office two related questions concerning whether the commissioners court of Martin County may permit the installation by oil companies of temporary water lines along the county's right-of-way. In our view, the resolution of the first of these questions is governed by a recent opinion issued by this office, Attorney General Opinion JC-0179 (2000), and that of the second by general principles of property law as articulated by section 478 of the Restatement of Property. In both cases, while we can outline for you the relevant law, the ultimate determinations in particular instances will depend upon the resolution of factual questions, an activity in which this office does not engage in the opinion process.

You explain the situation giving rise to your first question thus: "In Martin County, the county commissioners allow oil companies to run temporary water lines along the county right-of-ways. Individual landowners have protested, asserting that the county does not have the right to use their right-of-ways for this purpose." Letter from Honorable Gary L. Walker, Texas State Representative, to Honorable John Cornyn, Attorney General of Texas (Dec. 15, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"].

We note at the outset that your question concerns the temporary placement of water lines to benefit an oil company, rather than the placement of public utility lines. It is well-settled as a matter of both statute, see, e.g., TEX. UTIL. CODE ANN. §§ 181.005, .042, .082 (Vernon 1998), and case law that the easement in a public right-of-way provides for more than surface travel, whether on a rural road or a city street:

> In either case the responsible officials may, within the limits of the
> power vested in them by the Legislature, authorize the use of the
> subsurface for sewers, pipelines and other methods of transmission
> and communication that serve the public interest. This was taken for
> granted when the Legislature provided that public utilities might lay
> their water, gas and electric lines under public roads and city streets
> after notifying or obtaining the approval of the proper agency.

*Hill Farm, Inc. v. Hill County*, 436 S.W.2d 320, 323 (Tex. 1969); *accord Grimes v. Corpus Christi Transmission Co.*, 829 S.W.2d 335, 336 (Tex. App.–Corpus Christi 1992, writ denied); *Blackburn v. Brazos Valley Utils., Inc.*, 777 S.W.2d 758, 759 (Tex. App.–Beaumont 1989, writ denied); *Pittman v. City of Amarillo*, 598 S.W.2d 941, 944 (Tex. Civ. App.–Amarillo 1980, writ ref'd n.r.e.). The county's rights in this regard do not depend upon how its easement was obtained: "[A] highway easement acquired by prescription is no less comprehensive than one acquired by grant, dedication or condemnation." *Hill Farm, Inc.*, 436 S.W.2d at 323-24.

However, the county's roadway easement does not as a matter of law include a right to grant a further easement to nonowners of the property to install pipelines for the nonowners' private benefit. In *Hale County v. Davis*, 572 S.W.2d 63 (Tex. Civ. App.–Amarillo 1978, writ ref'd n.r.e.), the owners of land subject to a prescriptive easement for a county road sued both the county and nonowners to whom the county had granted a pipeline easement along the right-of-way. The court held that easement to be a nullity, on the ground that "the county possesses no authority in law to grant an easement in the road's subsurface owned by an individual for the exclusive private use of a nonowner." *Hale County*, 572 S.W.2d at 65.

A situation analogous to the one about which you ask here was presented in Attorney General Opinion JC-0179 (2000). In that case, we were asked a series of questions concerning the right of the Tarrant Regional Water District to lease to a private telecommunications carrier excess capacity in a fiber-optics cable installed to operate the district's pipeline. We responded:

> "The test whether an easement acquired by a public body may be burdened with" a particular use is whether the grantor reasonably could have contemplated such a use as within the easement at the time the easement was granted. The understanding of the parties to the easement may be relevant to the [grants'] construction, and that understanding cannot be decided without examining factual evidence.

Tex. Att'y Gen. Op. No. JC-0179 (2000) at 3 (citations omitted).

Whether the particular grants of easement in this case are sufficiently expansive to permit the county to use the right-of-way in the manner you suggest depends, that is to say, on the terms of the grants and the intentions of the grantors. Such determinations require fact-based inquiries of the sort in which this office does not engage in the opinion process.

Attorney General Opinion JC-0179 came to a similar conclusion with respect to the related question of whether the right-of-way grantors were entitled to compensation for an increased burden on their land:

> Just as the question of whether a particular easement permits the Water District to install fiber-optics cable or to lease its excess fiber-optics cable capacity, the question of whether the easement grantor must be compensated for the installation or lease involves

> must be compensated for the installation or lease involves interpretation of the easement itself and the resolution of numerous fact questions. Where an easement is granted for general purposes, the subservient estate includes the use required at the time of the grant as well as the right to use the easement for any purposes incidental to the use to which the property has been put. . . . Whether a secondary use constitutes an additional burden for which the grantor must be compensated is a question that cannot be resolved in the opinion process.

*Id.* at 5 (citations omitted).

As we have said, the roadway easement does not as a matter of law include a right for the county to grant further easements to nonowners. *See Hale County*, 572 S.W.2d at 65. Whether as a matter of fact such a further grant was within the grantor's contemplation in a particular instance is a question we cannot consider in an attorney general opinion.

Your second question is "whether . . . the county's use of the right-of-way would apply to prescription roads." Request Letter, *supra*, at 1. By prescription roads, we understand you to mean roads in which the county has acquired its right-of-way by prescriptive easement. We note again that such an easement "is no less comprehensive than one acquired by grant, dedication or condemnation." *Hill Farm, Inc.*, 436 S.W.2d at 323-24. Because, however, such an easement will not bear the indicia of a grantor's intent, its scope cannot be determined by the terms of a grant.

We have located no Texas cases dealing precisely with the scope of such an easement, and accordingly turn to the Restatement of Property for our analysis. We note that the Restatement has in other instances been used as a source of law in Texas cases. *See, e.g., Houston Bellaire, Ltd. v. TCP LB Portfolio I, L.P.*, 981 S.W.2d 916 (Tex. App.–Houston [1st Dist.] 1998, no pet.) (relying on section 476 of Restatement for guidance with respect to standards applicable to reciprocal easements).

In place of the terms of a grant, section 478 of the Restatement of Property offers another method of analysis for the scope of easements acquired by prescription:

> In ascertaining whether a particular use is permissible under an easement created by prescription a comparison must be made between such use and the use by which the easement was created with respect to:
>
> (a) their physical character,
>
> (b) their purpose,

(c) the relative burden caused by them upon the servient tenement.

RESTATEMENT OF PROPERTY § 478 (1944).

An easement for surface travel is, of course, different from an easement for the subsurface placement of water lines in both physical character and purpose. Accordingly, the question here, as in the case of the right-of-ways obtained by grant or dedication, will turn upon whether the proposed use creates a substantial burden upon the right-of-way; and again we cannot answer such a fact-based question in an attorney general opinion.

However, we note again that if the sole basis upon which the county believes that it may provide this easement to the oil company is its right – whether acquired by grant or prescription – to permit the use of the right-of-way for the laying of public utility lines, *Hale County v. Davis* is to the contrary. As the court said in that case, "the county possesses no authority in law to grant an easement in the road's subsurface owned by an individual for the exclusive private use of a nonowner." *Hale County,* 572 S.W.2d at 65.

## S U M M A R Y

A county's right to allow placement of public utility lines on or under the right-of-way does not give it as a matter of law the right to grant an easement to a third party nonowner for that party's private benefit. Whether a county may grant an easement in a particular instance to a third party to run a temporary water line on the county's right-of-way will depend upon the intent of the grantor from whom or the kind of adverse use by which the right-of-way was acquired, and upon whether the grant of this secondary easement is an additional burden on the servient tenement.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee