# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00027-CV

**J. Luecke Grandchildren's Partnership, LP, Appellant**

**v.**

**Barnard Ranches, LLC; Michael A. Barnard and Margot A. Barnard, Appellees**

### FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT
### NO. 2010V-256, HONORABLE DAN R. BECK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This interlocutory appeal is from a temporary injunction that ordered appellant J. Luecke Grandchildren's Partnership, LP (Luecke) to keep a gate on its land open pending trial. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West 2008). Luecke's gate is across an easement that passes through Luecke's land and affords appellees Barnard Ranches, LLC, Michael A. Barnard, and Margot A. Barnard access to their land. Because we conclude that the trial court abused its discretion, we reverse the trial court's order, dissolve the temporary injunction, and remand the case to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

Appellees brought suit against Luecke, seeking declaratory relief concerning the scope of their access easement across Luecke's land.[1] Appellees also sought injunctive relief, including a temporary injunction to enjoin Luecke from interfering with appellees' use of the access easement by placing a gate or other obstruction, other than a cattle guard, across the easement during the pendency of the suit. In their pleadings, appellees do not allege that the gate blocks access to their land but that "it [is] impossible for persons going to and from the Barnard Land to pass over and across the Easement while riding in a car without stopping the car, getting out, opening the locked gate, getting back into the car, crossing the cattle guard, getting out of the car a second time to close and lock the gate, and then getting back into the car again."

The trial court held a hearing on appellees' request for a temporary injunction. At the hearing, counsel for the parties stipulated to certain facts and argued their respective versions of disputed facts. They stipulated to the location of the gate and another gate owned by appellees that was subject to the easement at issue. They stipulated that, at the time of the hearing, Luecke's gate currently was closed and locked[2] and appellees' gate was being left open. The primary factual disputes argued by counsel concerned the scope of the easement, the status quo of the parties' dispute, and whether an injunction was necessary to preserve the status quo.[3] Appellees provided

---

[1] "Unlike a possessory interest in land, an easement is a nonpossessory interest that authorizes its holder to use the property for only particular purposes." *See Marcus Cable Assocs., L.P. v. Krohn*, 90 S.W.3d 697, 700 (Tex. 2002) (citation omitted).

[2] The parties stipulated that all parties had a key to the locked gate.

[3] The status quo is the "last, actual, peaceable, non-contested status that preceded the pending controversy." *See State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex. 1975).

the trial court with exhibits, including a copy of the easement and pictures of the property and gates. Although both parties were prepared to call witnesses, no witnesses were sworn and no testimony was given. At the end of the hearing, the trial court stated that each side had another week "to send any supplements you want, and then after that, I will make a ruling." Both sides thereafter filed briefs in which they referenced the exhibits that appellees presented to the trial court at the hearing.

A few weeks later, the trial court sent the parties a letter stating that the temporary injunction was granted and that Luecke was ordered to keep the gate open pending trial. Appellees thereafter filed a motion to enter order on the temporary injunction, and Luecke filed a response. Among its arguments, Luecke objected to the entry of a temporary injunction because the trial court had not conducted an evidentiary hearing. After another hearing, the trial court signed an order enjoining Luecke from closing the gate pending trial and from otherwise obstructing appellees' use of the easement. This appeal followed.

**ANALYSIS**

In one issue, Luecke contends that the trial court erred in granting temporary injunctive relief. Luecke urges that there was no evidence to support the temporary injunction and that the trial court improperly failed to conduct an evidentiary hearing and based its decision solely on arguments of counsel and briefing submitted by the parties.

"A temporary injunction is an extraordinary remedy and does not issue as a matter of right." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993)). The question before the trial court is whether the applicant is entitled to preserve the status quo pending a trial on the merits. *Walling*, 863 S.W.2d at 58; *see also*

3

*State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex. 1975) (status quo defined). A party seeking a temporary injunction has the burden to plead and prove both a probable right to recover and a probable injury in the interim. *Butnaru*, 84 S.W.3d at 204 (citing *Walling*, 863 S.W.2d at 57); *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex. 1968)); *Millwrights Local Union No. 2484 v. Rust Eng'g Co.*, 433 S.W.2d 683, 686 (Tex. 1968); *Bormaster v. Lake Travis Indep. Sch. Dist.*, 668 S.W.2d 491, 493 (Tex. App.—Austin 1984, no writ); *see also In re Texas Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 204 (Tex. 2002) (orig. proceeding) (noting temporary injunctions require more stringent proof requirements than temporary restraining orders that can issue on sworn pleadings).

Further, a temporary injunction shall not issue without notice to the adverse party and, unless otherwise agreed, an opportunity for the adverse party to offer testimony or other evidence to present its defenses. *See* Tex. R. Civ. P. 681; *Great Lakes Eng'g, Inc. v. Andersen*, 627 S.W.2d 436, 436 (Tex. App.—Houston [14th Dist.] 1981, no writ) (order denying temporary injunction reversed because "trial court abused its discretion in not allowing the appellant to fully develop its evidence"); *Letson v. Barnes*, 979 S.W.2d 414, 419 (Tex. App.—Amarillo 1998, pet. denied) (applicant's burden to present evidence to support temporary injunction "not satisfied by sworn pleadings, affidavits, and legal argument, unless the parties agree otherwise"); *RRE VIP Borrower, LLC v. Leisure Life Senior Apartment Hous., Ltd.*, No. 14-09-00923-CV, 2011 Tex. App. LEXIS 3304, at *6-7 (Tex. App.—Houston [14th Dist.] May 3, 2011, no pet.) (mem. op.) (citations omitted) ("The notice requirements of Rule 681 impliedly require that the adverse party have the right to be heard.").

We review a trial court's order granting temporary injunctive relief under an abuse of discretion standard. *Butnaru*, 84 S.W.3d at 204 (citing *Walling*, 863 S.W.2d at 57). A trial court abuses its discretion when it acts unreasonably or in an arbitrary manner or without reference to any guiding rules and principles. *Butnaru*, 84 S.W.3d at 211. We will not disturb the trial court's decision to grant injunctive relief absent a clear abuse of discretion. *Reagan Nat'l Adver. v. Vanderhoof Family Trust*, 82 S.W.3d 366, 370 (Tex. App.—Austin 2002, no pet.) (citation omitted). A trial court, however, "has no discretion to grant injunctive relief . . . without supporting evidence." *Operation Rescue-Nat'l v. Planned Parenthood*, 975 S.W.2d 546, 560 (Tex. 1998); *see Alert Synteks, Inc. v. Jerry Spencer, L.P.*, 151 S.W.3d 246, 253 (Tex. App.—Tyler 2004, no pet.) (citation omitted) ("[I]t is an abuse of discretion for a trial court to issue a temporary injunction where no evidence that would support a temporary injunction was presented to the trial court.").

Appellees urge that Luecke "accept[ed] the form of the hearing without objection," and that, in any event, the hearing was an evidentiary hearing. Even if we were to conclude that Luecke agreed to the form of the hearing or that the hearing was an evidentiary hearing, however, appellees had the burden to present competent evidence to support injunctive relief. *See Butnaru*, 84 S.W.3d at 204; *see also Letson*, 979 S.W.2d at 419 n.2 (no objection required to preserve argument that evidence insufficient to support temporary injunction).[4] The documents presented to

---

[4] Appellees also had the burden to plead facts that would support injunctive relief. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). In their pleadings, appellees do not allege that Luecke blocked access to their land. *See Long v. Long*, 814 S.W.2d 227, 228-29 (Tex. App.—San Antonio 1991, no writ) (court held that inconvenience of having to access property by using another gate on same road "[did] not warrant the issuance of a temporary injunction"); *Northcutt v. Waren*, 326 S.W.2d 10, 10 (Tex. Civ. App.—Texarkana 1959, writ ref'd n.r.e.) (where plaintiffs had access to land by another road, court reversed temporary injunction, noting "at most

the trial court at the hearing and the parties' stipulations concerning the location of the gate and its status at the time of the hearing do not address the issue of probable injury to appellees in the event that the trial court denied injunctive relief pending a trial on the merits.[5] *See Armendariz v. Mora*, 526 S.W.2d 542, 543 (Tex. 1975) (applicant has burden to present some evidence of probable injury if temporary injunction not issued).[6] Further, although counsel argued their respective versions of the disputed facts concerning the consequences of leaving the gate open or closed pending trial, "remarks of counsel during the course of a hearing are not competent evidence unless the attorney is actually testifying." *See Bay Fin. Sav. Bank, FSB v. Brown*, 142 S.W.3d 586, 590 (Tex. App.—Texarkana 2004, no pet.). The attorneys here did not testify.

We conclude that appellees failed in their burden to present competent evidence to support temporary injunctive relief. *See Butnaru*, 84 S.W.3d at 204. The trial court, therefore, was

---

they could suffer an injury of inconvenience"); *Trada Partners VI, LP v. Vogt*, No. 04-06-00723-CV, 2007 Tex. App. LEXIS 406, at *5-6 (Tex. App.—San Antonio Jan. 24, 2007, no pet.) (mem. op.) (where plaintiffs had access to their property, court reversed temporary injunction, concluding that they "will suffer only the injury of inconvenience").

[5] Luecke argues that appellees failed to properly have the exhibits that were presented to the trial court admitted into evidence and, therefore, that the exhibits are not evidence that may be considered to support the temporary injunction. Because we sustain its issue even if we consider the exhibits, we need not address this additional argument. *See* Tex. R. App. P. 47.1.

[6] Citing *Cargill v. Buie*, 343 S.W.2d 746 (Tex. Civ. App.—Texarkana 1960, writ ref'd n.r.e.), and *Hale County v. Davis*, 572 S.W.2d 63 (Tex. Civ. App.—Amarillo 1978, writ ref'd n.r.e.), appellees argue that evidence of probable injury is not required because the case involves title or right to real property. Neither case, however, supports their argument. The court in *Hale County* was addressing permanent injunctive relief after a trial on the merits and not probable injury pending trial, *see* 572 S.W.2d at 66, and the court in *Cargill* expressly found evidence of probable injury in affirming the trial court's temporary injunction. 343 S.W.2d at 749.

without evidence to support its temporary injunction order. *See Operation Rescue-Nat'l*, 975 S.W.2d at 560; *Millwrights Local Union No. 2484*, 433 S.W.2d at 686.

**CONCLUSION**

Because the trial court was without evidence to support its temporary injunctive order, we conclude that the trial court abused its discretion. We, therefore, sustain Luecke's issue, reverse the trial court's order, dissolve the temporary injunction, and remand the case to the trial court for further proceedings consistent with this opinion.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Reversed and Remanded

Filed:   October 7, 2011

7