## BIGGS v. RED BLUFF WATER POWER CONTROL DIST.

### No. 3907.

Court of Civil Appeals of Texas. El Paso.

June 29, 1939.

Rehearing Denied July 17, 1939.

A. T. Folsom, of Wink, for appellant.

James H. Starley, of Monahans, and Hill D. Hudson, of Pecos, for appellee.

HIGGINS, Justice (after stating the case as above).

Appellant asserts the plaintiff's petition is insufficient to entitle it to the injunctive relief sought because the allegations of irreparable damage and inadequacy of any legal remedy are general and do not allege any specific facts supporting such general allegations. That the petition is also insufficient because it does not negative the existence of facts which would defeat plaintiff's right to the injunctive relief sought.

The authorities cited by appellant in this connection need not be discussed further than to say they are cases where injunctive relief was invoked upon equitable grounds. Subsection 4 of the Acts of the Forty-fourth Legislature (Vernon's Ann. Civ.St. art. 7652a, subsec. 4), above referred to, confers upon water improvement districts the remedy of injunction to enforce the provisions of the Act and the lawful and reasonable rules and regulations provided for in the Act.

■ It is thus apparent the injunctive relief sought by the appellee is authorized by statute and does not depend upon equitable principles, and the rules of pleading applying in injunction suits based upon equitable considerations are inapplicable. Under the statute and the facts alleged in the petition, the Court properly granted the injunctive relief which it ordered. Texas Farm Bureau Cotton Ass'n v. Stovall, 113 Tex. 273, 253 S.W. 1101:

■ It is also assigned as error the petition is insufficient because it shows the suit is for the purpose of exacting illegal tolls and fees. We do not so construe the petition. The object of the suit is to prevent appellant from trespassing upon and using plaintiff's property without its consent.

■ Appellant's next and last assignment asserts the Court erred in granting the temporary injunction because the facts alleged show only "a nominal or technical trespass, so trivial that it will not be considered by a Court of equity." As heretofore stated, the plaintiff's right to injunctive relief does not depend upon equitable considerations but upon the said Act of the Forty-fourth Legislature in subsection 4 thereof.

The petition alleges a previous trespass by appellant upon plaintiff's property and that appellant threatens to continue and will continue to go upon and use plaintiff's premises. Under the statute plaintiff is entitled to the injunctive relief granted by the Court.

Upon the record here presented the order appealed from should be affirmed. It is so ordered.