**Ramon RUENES, d/b/a Gulf Drive-In Theatre, Appellant,**

v.

**NUECES COUNTY, Appellee.**

**No. 1336.**

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 29, 1978.

Order March 31, 1978.

Pedro P. Garcia, Corpus Christi, for appellant.

Michael J. Westergren, County Atty., Corpus Christi, for appellee.

OPINION

YOUNG, Justice.

This is an appeal from the granting of a temporary injunction. On December 2, 1977, appellee, Nueces County, through its county attorney, brought this suit for a temporary and permanent injunction against appellant, Ramon Ruenes, d/b/a Gulf Drive-In Theatre to prevent him from

displaying obscene films. The action was predicated upon Tex.Rev.Civ.Stat.Ann. art. 4667 (Supp.1978) and a common law nuisance theory. On December 28, 1977, the district court of Nueces County heard the application for temporary injunction. The matter was heard without a jury and after hearing evidence, the trial court granted the injunction based upon Article 4667 and common law principles. Ruenes appeals.

■ The record on appeal consists of a transcript and a document entitled "A Condensed Statement of Facts in Narrative Form." The condensed statement was filed pursuant to the order of this Court published concurrently with this opinion. No findings of fact or conclusions of law were requested or filed, and thus, the trial court's judgment must be upheld on any legal theory supported by the record. *Davis v. Huey,* 22 Tex.Sup.Ct.J. 8, 571 S.W.2d 859 (Oct. 7, 1978).

■ Appellant brings three points of error. In evaluating the alleged errors we are guided by certain rules. Appellate review of an order granting a temporary injunction is strictly limited to a determination of whether there has been a clear abuse of discretion. *Davis v. Huey,* supra. The trial court abuses his discretion if he grants an injunction when the evidence fails to furnish any reasonable basis for concluding that the applicant has a probable right of recovery. *Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517, 519 (1961); *Transport Co. of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549 (1953). To furnish a reasonable basis for the conclusion, the evidence need not establish that the applicant will finally prevail in the litigation, but it must, at the very least, tend to support a right of recovery. *Camp v. Shannon,* supra at 519, *Moore v. State,* 470 S.W.2d 391 (Tex.Civ.App.—San Antonio 1971, writ ref'd n. r. e.).

■ Appellant's first point contends that the trial court erred in accepting the testimony of a Doctor Joseph Rupp as an expert in determining the moral standards of the community. Appellant's argument only pertains to whether the trial judge abused his discretion in finding a probable right of recovery. On appeal from an order granting a temporary injunction the judgment of the trial court will be presumed to be correct until the contrary is shown. *Beene v. Bryant,* 201 S.W.2d 268 (Tex.Civ.App.—Amarillo 1947, no writ). Appellant has failed to show the contrary.

Even if we were to assume that the trial court abused its discretion in admitting the expert testimony of Doctor Rupp, we must presume on appeal that the court did not consider any inadmissible evidence in granting the temporary injunction. *Valley International Properties v. Los Campeones,* 568 S.W.2d 680, 689 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.).

■ Under the appellant's first point he also argues that the trial court failed to view the films and that this is reversible error. We find no indication in the record that this argument was presented in the trial court and it cannot be brought up for the first time on appeal. *Valley International Properties v. Los Campeones,* supra at 687–88. Appellant's first point is overruled.

■ Appellant's second point contends the court should not have issued the injunction because the appellee possessed an adequate remedy at law; i. e., arresting the appellant. We think the applicant for an injunction pursuant to Article 4667 need not show the absence of an adequate remedy at law. *West Texas Utilities Co. v. Farmers' State Bank,* 68 S.W.2d 648, 649 (Tex.Civ.App.—Eastland 1934, no writ); See also *Biggs v. Red Bluff Water Power Control Dist.,* 131 S.W.2d 274 (Tex.Civ.App.—El Paso 1939, writ ref'd). Moreover, we consider arrest of the appellant an inadequate remedy at law. *Ex Parte Allison,* 99 Tex. 455, 90 S.W. 870 (1906); *Clopton v. State,* 105 S.W. 994 (Tex.Civ.App.—1907, no writ). Appellant's second point is overruled.

Appellant's third point contends the judgment of the trial court represents a prior restraint and prior censorship of his movies,

and would prohibit his showing "R" and "PG" rated movies.

Neither appellant's pleadings nor the condensed statement of facts contain any reference to this prior restraint argument. It cannot be raised for the first time on appeal. *Valley International Properties v. Los Campeones,* supra.

█ The second part of appellant's argument, contending that the judgment would prevent his showing "R" and "PG" rated movies, cannot be evaluated because the condensed statement of facts contains no evidence of what standards are used to classify "R" or "PG" rated films or the types of nudity or sexuality, if any, may be portrayed in such movies. Appellant's third point is overruled.

The judgment of the trial court is affirmed.

### ORDER

PER CURIAM.

█ Appellant filed a condensed narrative statement of facts in this cause on February 21, 1978, pursuant to Rule 377(a), T.R.C.P. Appellee replied by filing its Objections to Proposed Statement of Facts with the District Clerk of Nueces County and by sending an unsigned copy to the Clerk of this Court on February 27, 1978. In its objections, appellee offered corrections and amendments, and prayed that the condensed statement of facts in narrative form be corrected to conform with the stated changes.

The appellant subsequently appeared before the Clerk of this Court and agreed to the corrections presented by appellee. On March 8, 1978, counsel for appellant signed the copy of the Objections to Proposed Statement of Facts with the notation, "I hereby agree to include this in statement of facts." The following day, March 9, 1978, counsel for appellee, Nueces County, signed the same copy of the objections.

Rule 377(a) provides that an opposing party, if dissatisfied with the condensed narrative statement of facts, may require that the testimony be in question and answer form and be substituted for all or part thereof. The rule does not suggest any other alternative means (such as corrections or amendments) for the opposing party to remedy his dissatisfaction. The intent of the rules as expressed in Rules 370, 377(a), 377(b), 377(e), and 378, however, is to shorten the record and encourage agreement between the parties as to the testimony presented. We are of the opinion that the narrative statement of facts, as corrected, complies with the rules and should be filed.

We therefore order that the statement of facts in this cause, consisting of the condensed narrative statement of facts prepared by appellant, together with the corrections offered by appellee and subsequently accepted by appellant be filed as the statement of facts in this case. Such is ordered filed as of March 9, 1978.