**Joel RAMON et al., Appellants,**

v.

**Arturo CHAVIRA et al., Appellees.**

No. 1455.

Court of Civil Appeals of Texas, Corpus Christi.

July 26, 1979.

Ronald B. Layer, Rankin & Kern, Inc., McAllen, for appellants.

Walter G. Weaver, Donna, for appellees.

OPINION

BISSETT, Justice.

Appellants have filed a motion to reverse the judgment of the trial court and remand the case due to their inability to obtain a complete statement of facts. A partial statement of facts has been filed. Appellants state, however, that testimony and court rulings adduced at a hearing on their

amended motion for new trial are essential to their appeal, a portion of which concerns alleged jury misconduct. The former official court reporter was present and reported the hearing.

We first observe that the record was due to be filed in this Court on December 11, 1978. After three extensions of time were granted, the partial statement of facts was prepared by March 16 and subsequently filed on March 29, 1979. Further time was requested and granted for supplementation of the statement of facts in order that two exhibits and the transcription of the motion for new trial hearing could be obtained from the court reporter. The exhibits were timely located and filed, but the court reporter reportedly lost his notes of this particular hearing. No back-up system (such as a tape recording) was employed, thus making the full transcription of the hearing entirely dependent upon the court reporter and his notes. The difficulties for litigants and the court system caused by the lack of an alternative means to preserve trial testimony have previously been discussed by this Court. See *Southwestern Bell Telephone Co. v. Thomas*, 535 S.W.2d 686, 693–94 (Tex. Civ.App.—1976), rev'd in part on other grounds, 554 S.W.2d 672 (Tex.Sup.1977).

Because only a small portion of the statement of facts was missing we instructed the attorneys to prepare a narrative statement in conformance with Rule 377, T.R.C.P. In addition, we instructed the court reporter to make every effort to locate the lost notes. The reporter was ordered to search thoroughly for his notes of the hearing and to report on his progress within ten days. Although 55 days have elapsed since this order was issued, the court reporter has failed and refused to reply. The duties of official court reporters specified in Tex.Rev.Civ. Stat.Ann. art. 2324 (Supp.1978–79) and in Rule 376b, T.R.C.P., include retaining their notes for three full years. Their duties require that they prepare transcripts of evidence of trial and other proceedings. Not only has the reporter failed to retain the notes so that a full transcription can be prepared, but has also failed to cooperate with the attorneys or to respond to the order of this Court. This conduct is completely irresponsible. This same court reporter, Hector Sanchez, has failed to complete the records (even after lengthy extensions of time), in other cases appealed to this Court, culminating in two prior contempt citations.

The attorneys in this case were instructed to agree upon a narrative statement or, if agreement was not possible, to appear before the trial judge pursuant to Rule 377(d), T.R.C.P., for resolution of any disputes. Appellants' attorney reported that, despite conferences with appellees' attorney and a hearing with the trial judge, all efforts to prepare a narrative statement have failed.

■ The law entitles the appellants in an appealed case to a complete statement of facts. Where due diligence has been exercised, an appellant who, through no fault of his own, is unable to obtain a proper record of the evidence, is entitled to a new trial where his right to have the case reviewed on appeal cannot be preserved in any other way. *Smith v. Smith*, 544 S.W.2d 121 (Tex. Sup.1976); *Robinson v. Robinson*, 487 S.W.2d 713 (Tex.Sup.1972); *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312 (Tex.Civ.App.—Dallas 1975, writ ref'd); *Blue Cross-Blue Shield of Texas v. Davidson*, 574 S.W.2d 215 (Tex.Civ. App.—Corpus Christi 1978, no writ); *Garcia v. Kelly*, 565 S.W.2d 112 (Tex.Civ.App.— Corpus Christi 1978, no writ); *Waller v. O'Rear*, 472 S.W.2d 789 (Tex.Civ.App.— Waco 1971, writ ref'd n. r. e.).

■ We find that the appellants here have shown due diligence in their attempts to obtain the question and answer statement of facts from the former official court reporter and have to our satisfaction made a reasonable effort to prepare a narrative statement of facts. Through no fault of their own, they are unable to obtain the needed portion of the statement of facts which they contend is essential to their primary point on appeal. We therefore grant appellants' motion to reverse. The judgment of the trial court is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED.