**Jack GILBERT et al., Appellants,**

v.

**Jesse L. SINGLETON et ux., Appellees.**

**No. 13170.**

Court of Civil Appeals of Texas, Austin.

Jan. 21, 1981.

George E. Patton, Austin, for appellants.

Richard H. Hammett, Crumley & Hammett, Lampasas, for appellees.

PER CURIAM.

Appellants have appealed from entry of judgment by the district court of Llano County. The transcript in the cause was filed on December 21, 1979. Since about October 3, 1979, to date, appellants have endeavored without success to obtain a complete statement of facts. Sometime during 1979, the official reporter for the district court of Llano County, Gary W. Stovall, resigned. After hearing on July 2, 1980, this Court directed the Clerk of this Court to issue a writ of mandamus commanding Stovall to complete and file the statement of facts on or before July 16, 1980. However, Stovall failed to deliver the statement of facts on that date.

Thereafter, appellants obtained the reporter's notes and placed them in the hands of a second reporter for transcription. Appellants, however, refused to take delivery of the statement of facts upon tender by the second reporter claiming that the statement of facts was incomplete.

This Court, *sua sponte*, ordered the parties to appear on October 10, 1980, and show cause why the judgment of the district court should not be reversed and the cause remanded for trial, based upon the fact that appellants had been unable to obtain a complete statement of facts. At the hearing, *appellees'* counsel appeared and tendered the statement of facts prepared by the second reporter. Counsel for appellees forthrightly admitted that one exhibit was missing, and suggested that counsel could probably agree upon the contents of that exhibit. This Court advised the parties to explore the possibility of agreement as to the contents of that exhibit and report back to the Court.

On December 1, 1980, appellants filed their motion to reverse the judgment and remand the cause for new trial. In the motion, appellants state that the statement of facts does not contain all of the exhibits offered by the respective parties. Appellants also question the transcription of the parties' objections to the charge, in light of the second reporter's comment that Stovall's notes in this regard were too poor for transcription.

This Court is of the opinion that the official court reporter failed to prepare a complete statement of facts and improperly handled the exhibits, and that there is no doubt that at least one exhibit is missing from the statement of facts prepared by the second reporter. Further, there is some doubt concerning the accuracy of the transcription of the parties' objections to the court's charge.

An appellant who is unable to obtain a proper record of the evidence is entitled to a new trial where his right to have the cause reviewed on appeal cannot be preserved in any other way. The rule presupposes that the appealing party has exercised due diligence and is free from fault.

*Robinson v. Robinson,* 487 S.W.2d 713 (Tex. 1972). If an appealing party has observed the rules so as to be entitled to a statement of facts, he has the right to receive no less than a complete statement of facts. *Ramon v. Chavira,* 586 S.W.2d 594 (Tex.Civ.App. 1979, no writ); *O'Neal v. County of San Saba,* 594 S.W.2d 185 (Tex.Civ.App.1980, writ ref'd n. r. e.).

Although the facts in this case are not so strong for reversal as in *O'Neal v. County of San Saba, supra,* this Court has concluded, finally, that appellants' inability to file a complete statement of facts resulted from no fault of their own.

The judgment is reversed and the cause is remanded for new trial.

Reversed and Remanded.