Kimberly Ann **BENSON**, Appellant,

v.

**GRAYSON COUNTY CHILD WELFARE**, Appellee.

No. 05–82–01043–CV.

Court of Appeals of Texas, Dallas.

Nov. 8, 1983.

Sylvia Mandel, Huntsville, for appellant.

Elizabeth Segovis, Sherman, for appellee.

Before GUITTARD, C.J., and STEWART and SHUMPERT, JJ.

GUITTARD, Chief Justice.

Kimberly Ann Benson appeals from a judgment terminating her parental rights in a suit filed by the Grayson County Child Welfare unit of the State Department of Human Resources. In response to her affidavit of indigency the trial judge ordered the official reporter to prepare a narrative statement of facts, as provided by rule 380 of the Texas Rules of Civil Procedure, except that certain proceedings were directed to be reported verbatim. Appellant now moves this court to order the reporter to prepare a complete question-and-answer statement of facts and, in the alternative, to file a supplemental record under rule 428 of the Texas Rules of Civil Procedure containing additional matters. We overrule the motion for a complete question-and-answer statement of facts, but we grant in part her motion for a supplemental record.

Appellant contends that notwithstanding the provisions of rule 380, which provides for a free narrative statement of facts when the appellant is unable to pay the costs of appeal, she is entitled to a complete question-and-answer statement of facts. We do not agree.

We recognize that appellant is entitled to a complete record of all matters

material to her appeal. *Gilbert v. Singleton*, 611 S.W.2d 163, 164–165 (Tex.Civ.App.—Austin 1981, no writ). To the extent that the statement of facts as prepared by the reporter is inaccurate, it may be corrected in accordance with the procedure prescribed by rule 377(e) of the Texas Rules of Civil Procedure. To the extent that material matters are omitted, it may be supplemented in accordance with rule 428. In this light we consider appellant's several objections to the narrative statement.

■ Appellant states that one of her complaints on appeal will be that she was denied due process of law because of the prejudicial comments of the trial judge. The narrative statement shows that before the testimony was closed, appellant moved for a mistrial on the ground that the judge's comments, both on and off the bench, indicated an extreme bias against her. With respect to his comments off the bench, she undertook to make a bill of exceptions, which is reported verbatim in the statement of facts. She complains, however, that the narrative statement does not contain any of the judge's rulings on objections or any of his comments or questions to the witnesses. Her motion does not state what the nature of any of the judge's comments were or in what respect they were improper. She insists that all rulings on objections, comments, and questions by the judge must be included in order that we may review his actions.

From the allegations of the motion we are not convinced that all the judge's rulings and comments are material. A more specific showing of the nature and substance of the judge's remarks is necessary to enable us to determine whether such an extensive amendment of this record is necessary to preserve appellant's right to review.

■ Appellant's complaint includes a contention that the judge indicated to the jury his opinion about the credibility of certain witnesses, including appellant, by the manner in which he questioned these witnesses, but that no questions by the judge are shown in the narrative statement. For instance, she asserts that the judge asked her whether she really believed certain testimony she had given. In order that we may review this question and others in proper context, we need a supplemental record in question and answer form of all testimony elicited by the judge. To that extent, therefore, the motion is granted.

■ Appellant also complains that the narrative omits clarifying statements by witnesses whose testimony, without such clarifications, presents a misleading summary of the evidence on the grounds for termination alleged. She alleges further that the narrative provided omits several statements of witnesses which, if included in the record, would aid in substantiating the no-evidence and insufficient-evidence arguments which she intends to raise on this appeal. Her motion does not state the substance of any of these omitted clarifying statements. This complaint does not support appellant's demand for a complete verbatim record. Any material testimony omitted from the present record may be included by correcting the present narrative, as provided by rule 377(e), or by requesting a supplemental record in the manner provided by rule 428.

Further, appellant insists that without a complete verbatim record she will be hampered in presenting her contention that there is insufficient evidence to support the jury's finding that appellant engaged in conduct endangering the physical or emotional well being of the child because the only testimony in the record is so vague and conclusory that she is denied meaningful review. She asserts that with a verbatim report of the testimony she will be able to point to controverting testimony supporting her claim of insufficiency under the "clear and convincing" standard of proof required for termination of parental rights.

This also is a matter that can be remedied by correction of the record. If appellant can identify in the present statement of facts the "vague and conclusory" testimony concerning her specific conduct, it

may be included verbatim in a supplemental record, as well as any omitted controverting testimony bearing on the grounds of termination alleged.

■ Another alleged omission is the absence of any ruling on her pre-trial motion objecting to being called as a witness by the appellee. She does not indicate that the pre-trial ruling was reported by the official reporter. The normal method of preserving such a ruling is by presenting a written order for the judge's signature or by a formal bill of exception. *See Munden v. Chambless,* 315 S.W.2d 355, 359 (Tex. Civ.App.—Dallas 1958, writ ref'd n.r.e.). With respect to her objection at the trial, she is entitled to have the record supplemented to show what actually occurred.

■ The narrative statement before us consists of more than 140 pages. It appears to be a detailed statement of the testimony in narrative form rather than a summary by the reporter. Appellant's motion does not show that this narrative statement is not accurate, so far as it goes, and fails to specify any particular error or omission, except as above noted. We conclude that with the supplementation hereinafter directed the narrative statement will be adequate for our review.

Accordingly, appellant's motion to require a complete question-and-answer statement of facts is overruled and her motion to supplement the record is granted. The court reporter is directed to prepare a supplemental verbatim statement of facts containing the following:

(1) All questions by the judge to any of the witnesses in the presence of the jury, together with the answers of the witnesses to such questions and any comments by the judge on such answers;

(2) Any testimony concerning appellant's specific conduct with respect to the child and identified by appellant as "vague and conclusory" in the narrative statement of facts;

(3) Any objections by appellant at the trial to being called as a witness by appellee, with any ruling on such objections; and

(4) Any testimony specifically identified by appellant as omitted from the narrative statement or as clarifying or explaining the testimony as narrated. In this connection, the reporter is directed to use reasonable efforts to make the contents of his notes and any recorded testimony available to appellant for this purpose.

In lieu of the supplemental record above specified, the trial court may direct the preparation of a complete question-and-answer statement of facts, which may be substituted for the present narrative statement. *See Ramon v. Chavira,* 586 S.W.2d 594 (Tex.Civ.App.—Corpus Christi 1979, no writ). To the extent that any of the matters specified above are supplied by way of amendment to the present statement of facts under rule 377(e), they need not be included in a supplemental record.

The reporter is also directed to correct the present statement of facts by supplying an index, as required by the order of the Supreme Court relating to preparation of statement of facts pursuant to rule 377.

Appellee has moved to strike the narrative statement because it was filed without appellee's approval or authentication. This motion is overruled without prejudice to appellee's right to examine the statement and seek corrections under rule 377(e). Appellee's motion to require appellant's counsel to withdraw is overruled.

Appellant's motion to extend the time for filing her brief is granted. The time is extended until thirty days after the supplemental record is filed.