**Gregory A. WRIGHT, Appellant,**

v.

**Esther A. WRIGHT, Appellee.**

**No. 04–84–00440–CV.**

Court of Appeals of Texas,
San Antonio.

Oct. 9, 1985.

Rehearing Denied Nov. 4, 1985.

---

Morris J. Kirschberg, San Antonio, for appellant.

Hattie Briscoe, San Antonio, for appellee.

Before BUTTS, CANTU and REEVES, JJ.

## OPINION

BUTTS, Justice.

This is a proceeding in the nature of an equitable bill of review arising out of a divorce case.

Appellant, Gregory A. Wright, filed for divorce from appellee, Esther A. Wright, in 1981; the divorce decree was rendered on August 17, 1982. Within the statutory period, appellee filed a bill of review to set aside the decree. The bill of review was granted and a new trial ordered. Gregory appeals from that ruling on nine points of error. We affirm.

The trial judge, as finder of fact, determined the controlling facts. In doing so, he had a right to accept or reject all or any part of the witnesses' testimony. *Hood v. Texas Indemnity Insurance Co.,* 146 Tex. 522, 209 S.W.2d 345, 346 (1948); *Electro-Hydraulics Corp. v. Special Equipment Engineering, Inc.,* 411 S.W.2d 382, 386–87 (Tex.Civ.App.—Waco 1967, writ ref'd n.r.e.).

The pertinent findings of fact are:

4. That Gregory A. Wright filed for divorce in 1981....

6. That Esther A. Wright in June 1981 sought counsel ... to represent her in a divorce. That Esther A. Wright told her then husband, Gregory A. Wright, that she was employing [an attorney] to represent her. That Gregory A. Wright represented to her that she needed no attorney because she would receive the house and the child. He thereby influenced her not to employ an attorney.

7. That Esther A. Wright in fact was taken to [her former husband's] attorney, Galen G. Gilbert, and was

promised by both the attorney and Gregory A. Wright that she would get the home at 6422 Timberhill, San Antonio, Texas as her sole and separate property and that she was to pay the note [on said home]. That in fact she has made all payments on the said home since May 1981 and since the date of the divorce, believing as her former husband and his attorney had promised her, that the house was hers....

8. That because Attorney Galen G. Gilbert and Gregory A. Wright misrepresented to her that she was going to get the said home ... she signed a [w]aiver on the 9th day of August 1982, and at the same time signed the Decree which was not read or explained to her. That the Decree in fact imposed the note obligation completely on Esther A. Wright, although it granted the house as the separate property of Gregory A. Wright. That the misrepresentation of the attorney ... and Gregory A. Wright caused her not to have legal representation and not to check or have the Decree checked regarding the said home.

9. That Esther A. Wright was advised by both the attorney and Gregory A. Wright she need not come to court, and was not notified about the court date. That she first realized she did not own the said home [on] February 1984 when she ... secured a copy of the Decree of Divorce ... in [o]rder to get the property in her name, and she was notified about the misrepresentation.

Gregory argues that the trial court erred on the following grounds: (1) and (2) Esther failed to establish that she was free from fault or negligence in failing to present a meritorious defense at the divorce trial; (3) and (4) the fraud, if any, was intrinsic and/or mutual; (5) and (6) she failed to prove a meritorious defense at the bill of review trial, and the trial court failed to make findings of fact on that issue; (7)

and (8) she is estopped from asserting any invalidity of the divorce decree since she approved the decree, accepted the benefits of the judgment, and failed to exhaust her available legal remedies; and (9) the bill of review is barred under the doctrine of laches.

 While Gregory correctly sets out the issues involved in an appeal from bill of review, [*see Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950)], his arguments are not supported by the record. It is the appellant who has the burden of bringing forward a statement of facts. Unless the record shows to the contrary, every reasonable presumption must be indulged in favor of the findings and judgment of the trial court. *Hursey v. Thompson,* 141 Tex. 519, 174 S.W.2d 317 (1943). The findings in a nonjury case have the same presumption of conclusiveness and weight on appeal as the verdict of a jury. *Vandyke v. Austin Independent School District,* 547 S.W.2d 354, 356 (Tex.Civ.App. —Austin 1977, no writ). In the absence of a statement of facts the reviewing court is required to presume that the trial court's findings are supported by evidence. *Ex parte Savelle,* 398 S.W.2d 918 (Tex.1966).

 In support of his point of error, appellant refers the Court to a "narrative statement of facts," prepared by him. TEX.R.CIV.P. 377(i). However, a narrative statement of facts prepared by one party to a suit is not a substitute for the question and answer form. A question and answer statement of facts, as reproduced from the spoken words of counsel and witnesses, unblemished by human interpretation, is required. *Fisher v. First Security State Bank,* 576 S.W.2d 886, 887 (Tex.Civ.App.— Waco 1979, no writ); *Goodin v. Geller,* 521 S.W.2d 158, 160 (Tex.Civ.App.—Waco 1975, writ ref'd n.r.e.). For an example of an acceptable narrative statement of facts which was certified by the trial court, *see Tenngasco Gas Gathering Co. v. Fischer,* 653 S.W.2d 469, 473 (Tex.App.—Corpus Christi 1983, ref'd. n.r.e.).

■ We find the requirements of rule 377(i) have not been met. Neither Esther nor the court approved the instrument.[1] The appellant simply filed his interpretation of the proceedings. In light of the evidentiary standard of review in bill of review cases, absent a statement of facts on appeal, it is impossible to review the fact points of this appellant.

Esther states in her brief that the services of a court reporter were waived by Gregory at the bill of review proceeding. This is not disputed by him, nor does he assert that he was prevented from securing the services of a court reporter. Thus, the fact that there is no statement of facts made at the trial and prepared by a court reporter is not offered as a basis of his appeal.

This court recognizes the fundamental importance of final judgments and scrutinizes bills of review seeking relief from otherwise final judgments "with extreme jealousy." *Montgomery v. Kennedy*, 669 S.W.2d 309 (Tex.1984). However, where appellant fails to provide a statement of facts, the court must presume that the evidence supports the judgment. *Ex parte Savelle, supra; Goodin v. Geller, supra.* Points of error one through seven are overruled.

We overrule point of error eight (estoppel because accepted "benefits" of judgment) since it necessarily questions the trial court's fact findings involving misrepresentations by the husband and his attorney. We also note that estoppel was not pled as an affirmative defense to the bill of review.

Since the bill of review action was timely filed, we overrule the last point of error charging laches.

The judgment is affirmed.

CANTU, Justice.

This is an appeal from the granting of a bill of review in which the trial court reversed in its entirety the property division in a divorce decree rendered two years previously.

Appellant filed an original petition for divorce on June 3, 1981. Appellee executed a verified waiver of citation on August 9, 1982, which was filed with the Clerk on August 17, 1982.

The petition alleged that appellant and appellee expected to reach an agreement on both conservatorship, support, and property division. The waiver acknowledged receipt of a copy of the original petition for divorce. It further acknowledged that appellee had *read* it and *understood* it. The waiver further contained the standard agreement to enter an appearance with waiver of issuance, service and return of citation and permitted the amendment of pleading without further notice. *See* TEX. R.CIV.P. 119.

On August 17, 1982, a decree of divorce was presented to the trial court for rendition of judgment. This decree contained the signatures of both appellant and appellee indicating their approval of the decree and its dispositions.

No further action was taken by either party and; therefore, the time for filing a motion for new trial and giving notice of appeal expired with neither party indicating a dissatisfaction with the terms of the decree.

On May 2, 1984, appellee filed a bill of review claiming that the community real property and house located at 6422 Timberhill in San Antonio, Texas should have been awarded solely to her.

Essentially, appellee alleged that the decree entered on August 17, 1982, was confusing because it awards the property in question to both parties but requires appellee to make the mortgage payment.

Appellee further alleged she had retained an attorney to represent her in her divorce proceedings but that she had discharged her attorney inasmuch as she and appellant intended to enter into an agreed disposition to be handled by appellant's attorney. She

---

1. It should be noted that the trial judge expressly denied as incorrect appellant's bill of exceptions, which was substantially identical to his proposed narrative statement of facts.

further admitted and acknowledged the signing of the waiver of citation and the divorce decree but alleged that she signed the decree thinking that it conformed to the agreement contemplated between the parties.

The bill of review goes on to allege that she *thought* the house at 6422 Timberhill was awarded to her because appellant and his attorney both represented to her that the house was to be hers.

She continues by alleging that it was not until about February 1, 1984, when she secured a copy of the divorce decree, that she discovered that the property had been awarded to both parties.

She further continues by alleging that appellee and his attorney both informed her that she did not have to appear in court for the hearing because she was to be awarded the house and that she did not appear in court due to the fraudulent representations of appellant and his attorney.

Appellee's alleged meritorious defense is copied verbatim:

That Plaintiff has a good defense for her Petition for a Bill of Review in this: at the time of the commencement of the Petition for Divorce Plaintiff's husband and his attorney influenced her not to get an attorney and not to go to Court when the divorce was heard because they could agree to everything she wanted and she believed them; that the contents of the Decree of Divorce in Cause No. 81–CI–8933, were in fact what the parties had agreed upon, except that the real property commonly known as 6422 Timberhill, San Antonio, Bexar County, Texas, was awarded to both parties instead of the property having been awarded to Plaintiff herein as had been agreed upon by the parties; that Defendant herein has always told Plaintiff herein that the house was hers; that prior to the time that the divorce was granted, GREGORY A. WRIGHT and his attorney, Galan G. Gilbert told her the house would be awarded to her, subject to the indebtedness charged against same; that Plaintiff and the minor child of the parties have continuously resided at 6422 Timberhill, San Antonio, Texas, and Plaintiff herein has paid all of the monthly payments on same since May 1981 and continues to pay same up to and including the present date; that as aforestated, it was not until the mortgage company informed Plaintiff that the house had been awarded to Defendant herein did she know any different, and that it was also awarded to her with her to pay the indebtedness, which at that time was $271.00 per month and is now $288.00 per month.

There is no allegation anywhere in the Petition for Bill of Review that appellee could not read, did not read, could not understand or did not understand the decree of divorce that she approved. Nor is there any contention that the decree that she approved was not the decree that was entered as a final judgment.

The gist of appellee's complaint in her Petition for Bill of Review is that appellant and his attorney misrepresented that she was to receive certain property when in fact she did not. Clearly, she received, under the terms of the agreed decree, exactly what she agreed to receive. There is no indication that her signature was procured upon the decree through any fraud practiced by appellant or his attorney. If she misunderstood the ramifications of the instrument she signed it was not through fraud but rather through carelessness, negligence or ignorance on her part. *Cf. O'Meara v. O'Meara*, 181 S.W.2d 891 (Tex. Civ.App.—San Antonio 1944, writ ref'd); *Hamer v. Hope Cottage Children's Bureau, Inc.*, 389 S.W.2d 123 (Tex.Civ.App.—Dallas 1965, no writ). A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment, which is no longer appealable or subject to motion for new trial.

After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for a sufficient cause filed within

the time allowed by law. TEX.R.CIV.P. 329b(f).

Although the rules do not define "sufficient cause" Texas courts have announced several requirements that must be satisfied.

In *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950), the court enunciated the requirements necessary to be alleged and proved in order to be successful in a bill of review.

They are:

(1) a meritorious defense to the cause of action alleged to support the judgment,

(2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party,

(3) unmixed with any fault or negligence of his own.

The petition must allege factually and with particularity that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with petitioner's own negligence. The petition must further allege, with particularity, sworn facts sufficient to constitute a defense, and, as a pretrial matter, present prima facie proof to support the contention.

The relevant inquiry is not whether "the result would probably be different" on retrial. Rather a prima facie meritorious defense is made out when it is determined that the complainant's defense is not barred as a matter of law and that he will be entitled to judgment on retrial if no evidence to the contrary is offered. Upon the hearing, something more than an injustice must be shown before a new trial can be obtained to litigate matters between the same parties that have once been heard and adjudicated. *Keeton v. King*, 248 S.W.2d 500 (Tex.Civ.App.—Amarillo 1952, no writ).

The instant petition for bill of review does not factually and with particularity allege that the prior judgment was rendered as the result of fraud, accident or wrongful act of the appellant unmixed with appellee's own negligence. To the con-

trary, the petition alleges nothing more than that appellee *believed* the decree to recite something other than what it in fact recited and that the conclusory alleged fraud perpetrated upon her by appellant amounted to representations designed to prevent her from appearing in court for the hearing. The petition, instead of alleging no negligence on appellee's part, is fraught with indications of negligence on appellee's part in failing to read or understand the effect of the agreed decree.

I am further convinced that the fraud complained of by appellee is of the intrinsic variety and not extrinsic in nature. In order to vacate the divorce judgment for fraud practiced by appellant, appellee was required to allege such particularized conduct on the part of appellant as prevented appellee either from knowing about her rights or defense, or from obtaining a fair opportunity to present them at a trial. If the conduct alleged to be fraud consisted of any matter which was actually presented to and considered by the trial court in rendering the judgment under attack, such fraud, if it be fraud, is intrinsic and not extrinsic. *Alexander v. Hagedorn*, 226 S.W.2d at 1001. Appellee was not prevented from presenting her side of the case at the hearing. She in fact participated by agreement and should not now be permitted to claim otherwise.

But conceding for the sake of argument that appellee has alleged sufficiently the second and third requirements under the *Hagedorn* test, I am not convinced that the petition sufficiently alleges a meritorious defense such as would entitle her to judgment on retrial if no evidence to the contrary is offered by appellant.

Clearly, the meritorious defense alleged by appellee is nothing more than the rehashing of vague and conclusory allegations of fraud. *Cf. Anderson v. Davison*, 479 S.W.2d 691 (Tex.Civ.App.—Texarkana 1972, writ ref'd n.r.e.).

While it may be true that this court may not go behind the judgment in the absence of a statement of facts, I am not convinced that the rule of law applies to a bill of

review petition which does not meet the requirements of particularized factual pleadings. I would hold that the trial court erred in granting the bill of review, irrespective of the equitable proof offered, inasmuch as the pleadings did not properly invoke the equitable jurisdiction of the trial court to entertain a bill of review. *Alexander v. Hagedorn, supra; Baker v. Goldsmith*, 582 S.W.2d 404 (Tex.1979).

I would reverse the judgment of the trial court granting the bill of review. I dissent.