Pauline DELGADO, Appellant,

v.

COCA–COLA BOTTLING COMPANY and H.E. Butt Grocery Company, d/b/a H.E.B. Food Store No. 2, Appellees.

No. 13–85–465–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1986.

Rehearing Denied Sept. 30, 1986.

Virgil Yanta, Hartman, Lapham, Yanta & Moyik, Victoria, for appellant.

Joseph P. Kelly, Victoria, Rudy Gonzales, Jr., Corpus Christi, for appellees.

Before DORSEY, UTTER, and BENAVIDES, JJ.

OPINION

DORSEY, Justice.

This is an appeal from an instructed verdict in a products liability case. Appellant sued both appellees for damages based on breach of implied warranty of merchantability, strict liability in tort, and negligence. The trial court instructed a verdict for appellees on the implied warranty and strict liability causes of action. Trial to a jury resulted in a finding of no negligence on the part of appellees, and a finding of $1,750.00 damages. The trial court entered a take-nothing judgment against appellant. Appellant contends that the instructed verdict was error because there was some evidence in support of each element of the two theories of recovery.

When reviewing the propriety of the granting of an instructed verdict, we must consider all the evidence in the light most favorable to the party against whom the verdict was instructed, disregarding all contrary evidence and inferences. *Vance v. My Apartment Steak House of San Antonio, Inc.*, 677 S.W.2d 480 (Tex.1984). The preliminary question in this appeal is the status of a statement of facts.

Appellant has not filed a question and answer form statement of facts on appeal. She maintains, however, that she has filed a "condensed statement in narrative form" in accordance with TEX.R.CIV.P. 377(i).

On September 13, 1985, after the instructed verdict and judgment against her was rendered, but during the pendency of her motion for new trial, appellant filed a "Condensed Narrative Statement of Facts of All Testimony" which was accompanied by a letter to the district clerk which stated:

I request that the enclosed CONDENSED NARRATIVE STATEMENT OF FACTS OF ALL TESTIMONY be filed in the aforementioned file before Judge Kelly has an opportunity to hear our MOTION FOR NEW TRIAL, since this document may aid him in making his decision.

A copy of this letter and the narrative statement of facts was delivered to counsel for appellees. On October 3, 1985, appellant filed her appeal and included a "Request or Proposal for Statement of Facts" in which she stated:

Pauline Delgado, Plaintiff and now Appellant herein, hereby requests the inclusion of the CONDENSED NARRATIVE STATEMENT OF FACTS OF ALL TESTIMONY as the entire statement of facts of proceedings at trial herein, pursuant to Tex.R.Civ.P. 377. Plaintiff and Appellant proposes said condensed statement in narrative form, and states the following points to be relied on in appeal herefrom....

On October 7, 1985, appellee, Coca-Cola Bottling Company filed its objection to the narrative statement and on October 9, 1985, appellee, H.E. Butt Grocery Company, d/b/a H.E.B. Food Store No. 2 filed its objection to the narrative statement.

TEX.R.CIV.P. 377(i) provides:

A statement of facts prepared by the official reporter shall be in question and answer form. In lieu of requesting such a statement of facts, a party may prepare and file with the clerk of the trial court a condensed statement in narrative form of all or part of the testimony and deliver a true copy to the opposing party or his counsel, and such opposing party, if dissatisfied with the narrative statement may *within ten days* after such delivery, require the testimony in question and answer form to be substituted for all or part thereof. [Emphasis added]

Appellant argues that the ten-day time limit for objections began to run on September 13, 1985, when the narrative statement was first filed with the clerk, and not on October 3, 1985, as appellee proposes.

Rule 377(i) recites requirements for appellate records and has no applicability to documents filed for non-appellate purposes.[1] The narrative statement of facts propounded by appellant was offered on September 13, 1985, as an aid to the trial judge in ruling on the motion for new trial. The narrative statement was offered for purposes of appeal on October 3, 1985, and, therefore, came under Rule 377(i) on that date. Because appellees objected to the narrative statement of facts within ten days of receipt of notice of appellant's intent to use the narrative statement on appeal, we hold that, under these facts, appellant has failed to comply with Rule 377(i), so as to allow the substitution of the narrative for a question and answer statement of facts.

In light of the evidentiary questions posed in this case, absent a statement of facts on appeal, it is impossible to review the points raised by appellant. *Wright v. Wright*, 699 S.W.2d 620 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). Where the appellant fails to provide a statement of facts, this court must presume that the evidence supports the judgment. *Wright v. Wright*, 699 S.W.2d at 623.

Appellant's two points of error are overruled. The judgment of the trial court is affirmed.

1. TEX.R.CIV.P. 377(a) provides:
   (a) Appellant's Request. In order to present a statement of facts on appeal, the appellant, at or before the time prescribed for perfecting the appeal, shall make a written request to the official reporter designating the portion of the evidence and other proceedings to be included therein. A copy of such request shall be filed with the clerk of the trial court and another copy served on the appellee or appellee's attorney.