Employers v. Heath 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-116-CV

        EMPLOYERS INSURANCE OF WAUSAU, 
        A MUTUAL COMPANY,
                                                                                       Appellant
        v.

        CALVIN L. HEATH,
                                                                                       Appellee
 

 From the 278th District Court
Leon County, Texas
Trial Court # 10,138
                                                                                                                
                                                                     
O P I N I O N
                                                                                                     

          Employers Insurance of Wausau appeals from a judgment awarding worker's compensation
benefits to Calvin Heath. In four points, Employers asserts that (1) the court erred in failing to
grant it a continuance, (2) the court erred in refusing to allow it to present the testimony of one
of its medical witnesses, (3) the evidence is insufficient to support the court's finding of a period
of total incapacity, and (4) the weight and preponderance of the evidence supports a different
finding of the amount of pre-trial benefits paid to Heath. By cross-point, Heath asserts that the
appeal was taken for delay only and that damages should be assessed against Employers. We will
affirm the judgment and award damages for the delay.
          In July 1989 Employers filed suit against Heath to appeal an award of the Industrial
Accident Board. After Heath filed a counterclaim, the court realigned the parties so that Heath
became the plaintiff and Employers the defendant. When the case was called for trial in December
1990, Employers filed a motion for a continuance asserting that it had not been able to take
Heath's deposition. At a hearing held on December 1, Employers attempted to show that it had
diligently tried to take his deposition. Heath, however, demonstrated that the deposition had not
been scheduled prior to Employers' request that the case be set for trial, even though the case had
been filed for over a year. Heath also asserted that the real reason Employers wanted the
continuance was to amend its discovery response to designate an additional doctor as an expert
witness. The court offered Employer's attorney the opportunity to depose Heath on the day of the
hearing, but the attorney declined. 
          The parties then agreed that the case would be continued until January 14, 1991, that
Heath's deposition would be taken by agreement, and that the status of all other discovery would
remain unchanged. In short, Employers obtained by agreement the relief it sought from the court. 
It cannot now complain of a ruling entered under an agreement that it made. See Buck v. Rogers,
709 S.W.2d 283, 287 (Tex. App.—Corpus Christi 1986, no writ). Additionally, the granting or
denial of a continuance is a matter within the discretion of the court. See State v. Wood Oil
Distributing, Inc., 751 S.W.2d 863, 865 (Tex. 1988). Our review of the record does not reveal
that the court abused its discretion in granting a continuance based upon an agreement of the
parties. See id. We overrule point three.
          Employers complains that the court refused to allow it to introduce the testimony of Dr.
Randall Light because he had not been designated as an expert witness. It contends that, because
Heath listed Dr. Light in his answers to interrogatories, it was relieved of the duty to designate
Dr. Light as an expert witness. Because the interrogatories are not in the record before us, we
cannot determine the context in which Heath used Dr. Light's name in answering an interrogatory. 
It is an appellant's duty to bring forward a record sufficient for appellate review. Wright v.
Wright, 699 S.W.2d 620, 622 (Tex. App.—San Antonio 1985, writ ref. n.r.e.). Employers has
not done so. Even if we assume that Heath's answers to the interrogatories named Dr. Light as
a doctor he had seen, the answers of another party cannot relieve Employers of the duty to disclose
the names of its expert witnesses. See Thompson v. Kawasaki Motors Corp., No. 05-91-00226-CV, slip op. at 10 (Tex. App.—Dallas, December 19, 1991). The record does not reveal "good
cause" to admit Dr. Light's testimony. See Tex. R. Civ. P. 215. We overrule point four.
          The case was tried to the court, which made findings of fact and conclusions of law at
Employers' request. Employers asserts that the evidence is insufficient to support the finding of
total incapacity from April 26, 1988, until January 14, 1991. In evaluating a claim regarding legal
sufficiency of the evidence, the same standard is used for a bench trial as for a jury trial. Zieben
v. Platt, 786 S.W.2d 797, 799 (Tex. App.—Houston [14th Dist.] 1990, no writ). When the
complaining party challenges the factual sufficiency of a finding in favor of the party who had the
burden of proof on that finding, the reviewing court must sustain the finding unless all the
evidence, both for and against the finding, is so weak or insufficient that the finding is manifestly
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).
          The evidence reveals that Heath had worked for Nucor Steel Corporation since 1981. His
job required lifting cylinders which weighed up to ninety pounds. He was injured in April 1988
while lifting chains. He was treated in Buffalo and referred to Dr. Karl Schmitt in Bryan, who
treated him from May 1988 until May 1989. He was also treated by other medical personnel. At
the time of trial, he was still under Dr. Schmitt's care.
          The primary medical witness for Heath was Dr. Schmitt, who testified by deposition. His
testimony is not in the record. Again, it is an appellant's duty to bring forward a record sufficient
for appellate review. See Wright, 699 S.W.2d at 622. Without Dr. Schmitt's testimony, we must
presume that the court's finding are supported by the evidence. See id. We overrule point one.
          Finally, Employers complains that the great weight and preponderance of the evidence
supports a credit of $14,861, instead of the $13,800 allowed Employers by the court, as a credit
for benefits paid prior to trial. Employers directs us to records attached to an affidavit made by
the custodian of worker's compensation payment records and medical payment records of
Employers. The court did not admit a part of the affidavit that summarized the payments. 
Employers argues that the records demonstrate that it is entitled to a statutory credit of $14,861. 
Heath takes the position that the only "credible evidence" of the amount of the credit is the award
of the Industrial Accident Board that shows benefits paid prior to June 22, 1989, of $13,800. The
"indemnity payments" listed in Employer's payment records contains the notation "final comp paid
thru 6-18-89." In addition to the notations of "indemnity payments" and "medical payments," the
records contain notations of "other reimbursement" and "returned chk." A fact question was
presented on which Employers had the burden of proof. The court resolved it by finding that
Employers was entitled to a credit of $13,800. Considering all the evidence both for and against
the finding, we do not believe that the finding was so against the weight and preponderance of the
evidence as to be manifestly unjust. See Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983). 
We overrule point two.
          Because we have overruled all of Employers points of error, we affirm the judgment.
          Heath's cross-point urges us to find that Employers has taken this appeal for delay and
without sufficient cause. See Tex. R. App. P. 84. We agree. We have overruled one point of
error based on a ruling to which Employers agreed, two points because the record is insufficient
for us to find error, and a final point that complains of an error within the fact-finding authority
of the judge. Thus, we award Heath the sum of $2,500 as damages against Employers, to be
included as part of the judgment of this court. See id.
 
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 25, 1992
Do not publish