**TEXAS WATER COMMISSION,**
Appellant,

v.

**LAKESHORE UTILITY COMPANY,**
INC., Appellee.

**No. 3–93–432–CV.**

Court of Appeals of Texas,
Austin.

Nov. 17, 1993.

Dan Morales, Atty. Gen., Susan Bergen Schultz, Asst. Atty. Gen., Austin, for appellant.

J. Albert Kroemer, Smith & Moore, Dallas, for appellee.

Before POWERS, JONES and KIDD, JJ.

### ORDER

JONES, Justice.

Appellant Texas Water Commission perfected an appeal from an order of the district court of Travis County reversing a Commission order that sets rates for appellee Lakeshore Utility Company, Inc. In response to a letter of this Court, the Commission filed a motion to supplement an agreed or narrative statement of facts with the agency record. *See* Administrative Procedure Act ("APA"),[1] § 2001.175(d); *Commerce Indep. Sch. Dist. v. Texas Educ. Agency*, 859 S.W.2d 627 (Tex. App.—Austin 1993, writ dism'd); *Everett v. Texas Educ. Agency*, 860 S.W.2d 700 (Tex. App.—Austin 1993, no writ); *Office of Public Util. Counsel v. Public Util. Comm'n*, 859 S.W.2d 71 (Tex.App.—Austin 1993, no writ) (opinion on motion to allow late-filed statement of facts). We will grant the motion.

In the underlying cause, the district court rendered judgment on June 16, 1993. The Commission timely perfected its appeal on July 16. Tex.R.App.P. 40(a)(2); 41(a)(1). The record was due to be filed in this Court on August 15; the transcript was timely filed

on August 13. Tex.R.App.P. 54(a). The Commission, however, did not tender a statement of facts in traditional question-and-answer form showing that the trial court admitted the agency record into evidence. *See* APA, § 2001.175(d) (party seeking judicial review shall offer, and reviewing court shall admit, agency record into evidence as exhibit). Moreover, the agency record itself was not tendered for filing until September 10, twenty-six days after the statement of facts was due. Accordingly, this Court has not yet filed the agency record, but has marked it as "received."

Thereafter, the Commission filed its motion to supplement what it characterizes as an agreed or narrative statement of facts. *See* Tex.R.App.P. 50(c), 53(i). The Commission points out that (1) Lakeshore Utility filed a motion in the district court offering the agency record into evidence; (2) the district court signed an order admitting the record into evidence; and (3) the district court signed a separate order transmitting the original agency record to this Court. The Commission asserts that these documents, all of which are contained in the transcript filed in this Court, effectively comprise a timely filed agreed or narrative statement of facts. The Commission seeks to supplement this statement of facts in accordance with Tex.R.App.P. 55(b). *See Benson v. Grayson County Child Welfare*, 666 S.W.2d 166, 168 (Tex.App.—Dallas 1983, no writ).

In *Office of Public Utility Counsel*, this Court stated that we had previously filed an agency record on the basis of an order transmitting original exhibits, which order stated that the reviewing court had considered the record or admitted it into evidence. We concluded, "Such an order is then analogous to an agreed or narrative statement of facts." *Office of Public Util. Counsel*, 859 S.W.2d at 72. In that opinion, we did not address the question whether the order met the requirements of appellate rules 50(c) or 53(i).

---

1. All citations in this opinion are to the current Administrative Procedure Act rather than to the former Administrative Procedure and Texas register Act because the recent codification did not substantively change the law. Act of May 4, 1993, 73rd Leg., R.S., ch. 268, sec. 1, § 47, 1993 Tex.Sess.Law Serv. 587, 988; *id.* sec. 1, §§ 2001.001–.902, 1993 Tex.Sess.Law Serv. at 737–54 (to be codified as Administrative Procedure Act, Tex.Gov't Code Ann. §§ 2001.001–.902).

The series of orders on which the Commission relies in the present case satisfies the requirements for a narrative statement pursuant to appellate rule 53(i). Rule 53(i) allows a party to prepare and file, with the trial-court clerk, a condensed statement in narrative form of all or part of the testimony. The party must also deliver a copy to the opposing party or the party's attorney. That party then has ten days within which to request a question and answer statement of facts, if dissatisfied with the condensed statement. Tex.R.App.P. 53(i). Lakeshore asserts that these procedural requirements have not been met here and, accordingly, the motion and order may not be considered a narrative statement under rule 53(i). *See Wright v. Wright,* 699 S.W.2d 620, 622–23 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.) (narrative statement not substitute for question and answer form if rules not met); *Delgado v. Coca–Cola Bottling Co.,* 716 S.W.2d 582, 583 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.) (appellant's failure to comply with rule prevented substitution of narrative statement for question and answer statement of facts). We disagree.

■ Initially, we note that the motion and order admitting the agency record into evidence duplicate exactly what a narrative statement of facts would contain in the present case. With certain exceptions not applicable here, no new evidence is presented at the "trial" of a suit for judicial review of an agency order, and the review of the order is confined to the agency record. *See* APA § 2001.175(e). That procedure was followed in this case: the judgment recites that "[t]he matter was submitted by the parties on record before the Texas Water Commission...." Thus, even if an "evidentiary" hearing had been held and a question-and-answer statement of facts prepared by a court reporter, it would have reflected simply that the agency record was offered and admitted into evidence. That is precisely what the motion and order in the transcript reflect. To be sufficient, a narrative statement of facts need only be adequate to permit meaningful review. *See Benson v. Grayson County Child Welfare,* 666 S.W.2d at 169; *Tenngasco Gas Gathering Co. v. Fischer,* 653 S.W.2d 469, 472–73 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). The relevant documents in the present case are clearly adequate to show compliance with APA § 2001.175(d) and to permit full review by this Court. We conclude, therefore, that the documents in question are sufficient to constitute a narrative statement of facts.

■ Nonetheless, Lakeshore argues that rule 53(i) may not be used because the Commission did not deliver a copy of the narrative statement to Lakeshore in accordance with the procedural requirements of the rule. We reject this contention. The procedure followed in this case is easily within the spirit of rule 53(i). To hold otherwise would elevate form over substance. Lakeshore itself filed the motion and sought the order from the trial court. The central purpose of such a motion and order would seem to be to comply with the statutory requirement that the agency record be offered and admitted into evidence as an exhibit, while obviating the need to obtain a traditional question-and-answer statement of facts. Accordingly, Lakeshore is not in a position to object on procedural grounds to the use of these documents as a narrative statement of facts. We conclude that the procedural requirements of rule 53(i) were sufficiently satisfied to allow the motion and order to be used as a narrative statement of facts.

■ In addition, the three orders are an acceptable form of an agreed statement in this instance. *See Ruenes v. Nueces County,* 574 S.W.2d 854, 857 (Tex.Civ.App.—Corpus Christi 1978, no writ) (intent of rules for agreed and narrative statement of facts is to shorten record and encourage agreement between parties as to evidence presented). Rule 50(c) provides, "The parties may agree upon a brief statement of the case and of the facts proven as will enable the appellate court to determine whether there is error in the judgment. Such statement shall be copied into the transcript in lieu of the proceedings themselves." Tex.R.App.P. 50(c). In its response, Lakeshore Utility asserts, "The Commission did not prepare, nor did Lakeshore agree, to such a statement of facts."

As stated above, however, Lakeshore requested the district court to admit, as an

**618**

exhibit, the entirety of the record of the agency proceedings that the Commission had filed with the clerk of district court in compliance with APA, § 2001.175(b). *See* APA, § 2001.175(d). By written order, the district court admitted the record into evidence as "Plaintiff's Exhibit 1." The order regarding original exhibits confirms that the agency record was made a part of the record in the district-court proceeding. We conclude that, under the circumstances of the present case, this series of documents effectively constitutes an agreement as to a statement of facts that includes the only evidence relevant to this suit for judicial review. *See* APA § 2001.175(e). The district-court order regarding original exhibits properly provides for the transmission of the original of the agency record to this Court in lieu of its inclusion in the transcript. Tex.R.App.P. 51(d).

Accordingly, we grant the motion to supplement and direct the Clerk of this Court to file the agency record as a supplement to the portion of the narrative and agreed statement of facts already included in the transcript.[2] It is so ordered this 17th day of November 1993.

POWERS, Justice, concurring.

I concur in the majority determination to grant the motion to supplement and to allow appellant Texas Water Commission to file the agency record in this appeal. Nevertheless, I adhere to the positions and reasoning set forth in my dissent in *Commerce Independent School District v. Texas Education Agency,* 859 S.W.2d 627, 629–35 (Tex.App.—Austin 1993, writ dism'd) (Powers, J. dissenting).

---

**2.** We note that if, in the present case, the Commission had tendered for filing in this Court, within the time permitted by Rule 54(a), (c), Tex.R.App.P., *either* the agency record *or* a motion for extension of time, the agency record could have been immediately filed and there would have been no need to utilize the supplementation procedures of rule 55(b).