Court Of Appeals
Fourth Court of Appeals District of Texas



★ ★ ★ ★      ★ ★ ★

## MEMORANDUM OPINION

No. 04-08-00291-CV

Helen **HERRERA** and Frank Herrera,
Appellants

v.

**CITY OF SAN ANTONIO**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-08806
Honorable Peter A. Sakai, Judge Presiding[1]

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
            Steven C. Hilbig, Justice
            Marialyn Barnard, Justice

Delivered and Filed:    February 4, 2009

AFFIRMED

      Appellants are self-employed contractors who performed certain remodeling and repair work

at an unoccupied residence in San Antonio, Texas. While work was ongoing, two inspectors for the

City of San Antonio inspected the premises and determined the electrical wiring installed at the

---

[1] The Honorable John D. Gabriel is the presiding judge of the 131st Judicial District Court, Bexar County, Texas. However, the Honorable Peter A. Sakai, presiding judge of the 225th Judicial District Court, Bexar County, Texas, signed the judgment in this case.

house was performed without the required permit and did not meet safety code standards. The inspectors instructed the City to turn off the electricity to the house. As a result, appellants were unable to continue their work. Appellants sued the City, alleging the City's statements constituted libel, fraud, perjury, and slander. Following a bench trial, the trial court granted the City's motion for an instructed verdict based on appellants' failure to overcome the City's claim of governmental immunity. We affirm.

## DISCUSSION

A trial court may direct a verdict when either a plaintiff fails to present evidence raising a fact issue essential to its right of recovery, or the evidence conclusively proves a fact that establishes the movant's right to judgment as a matter of law. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.,* 29 S.W.3d 74, 77 (Tex. 2000).

On appeal, appellants contend the City took action to discredit them and the "alleged facts" show the City's conduct "violated a constitutional right." However, the appellants did not bring forward a reporter's record from the bench trial; therefore, the record does not support appellants' contentions. "If . . . the trial court's order . . . show[s] that an evidentiary hearing took place in open court, then a complaining party must present a record of that hearing to establish harmful error." *Michiana Easy Livin' Country v. Holten*, 168 S.W.3d 777, 783 (Tex. 2005). Here, the trial court's final judgment states the "cause proceeded to trial . . . with the making of opening statements by the parties and the introduction of evidence. Thereafter, upon conclusion of the presentation of the evidence, all parties rested their cases in open court, and the evidence closed." Because the trial court's judgment indicates an evidentiary hearing occurred, appellants were required to present a reporter's record to establish harmful error. *See id.* Because they did not do so, we must indulge

every reasonable presumption in favor of the judgment. *Wright v. Wright*, 699 S.W.2d 620 622 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.).

The Texas Legislature has provided for waiver of sovereign immunity, under certain circumstances, in the Texas Tort Claims Act. *See, e.g.,* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, .025 (Vernon 2005). However, by the specific terms of the Act, the waivers do not apply to intentional torts such as fraud, slander, libel, and perjury. *Id.* § 101.057. In the absence of a reporter's record, we must presume the trial court correctly determined that the facts alleged by appellants gave rise to intentional torts. Therefore, as a matter of law, the City is immune from liability for appellants' claims. Accordingly, the trial court did not err in granting the City's motion for an instructed verdict.

## CONCLUSION

We overrule appellants' issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice